Ruth ROSS, Plaintiff,

v.

**PIONEER LIFE INSURANCE COMPANY, et al.,**
Defendants.

No. CV 06–07081–VBK.

United States District Court,
C.D. California,
Western Division.

April 15, 2008.

Corinne Chandler, Glenn R. Kantor, Kantor and Kantor LLP, Northridge, CA, Robert F. Keehn, Robert F. Keehn Law Office, Los Angeles, CA, for Plaintiff.

Elana Bitton, Marc J. Wodin, Marc J. Wodin Law Offices, Woodland Hills, CA, for Defendants.

ORDER GRANTING PLAINTIFF'S MOTION FOR LEAVE TO AMEND COMPLAINT TO ADD REQUEST FOR DAMAGES UNDER CALIFORNIA CIVIL CODE § 3345 AND ALLOWING PLAINTIFF TO FILE FIRST AMENDED COMPLAINT

VICTOR B. KENTON, United States Magistrate Judge.

The Court heard argument on this motion on April 15, 2008. Counsel appearing for Plaintiff were Corinne Chandler and Robert F. Keehn; counsel appearing for Defendants were Marc J. Wodin and Elana Bitton.

## PROCEEDINGS

On March 10, 2008, Ruth Ross ("Plaintiff") filed "Plaintiff's Notice of Motion and Motion for Leave to Amend Complaint to Add Request for Damages Under Section 3345 of the California Civil Code;" "Memorandum of Points and Authorities in Support of Plaintiff's Motion for Leave to Amend Complaint to Amend Complaint to Add Prayer for Damages Pursuant to California Civil Code Section 3345;" "[Proposed] First Amended Complaint for Damages (1) Breach of Contract; (2) Breach of the Covenant of Good Faith and Fair Dealing; Demand for Jury Trial;" and "[Proposed] Order Granting Plaintiff's Motion for Leave to File First Amended Complaint; [Proposed] Order."

On March 18, 2008, Defendants Pioneer Life Insurance Company ("Pioneer") and Washington National Insurance Company ("Washington") (hereinafter referred to as "Defendants"), filed documents entitled "Defendants' Memorandum in Opposition to Plaintiff's Motion for Leave to File a First Amended Complaint; Defendants' Request That Plaintiff's Motion Be Continued until after the Hearing on Defendants' Motion for Summary Judgment/ Adjudication" and "Defendants' Objections to Plaintiff's Motion for Leave to File a First Amended Complaint."

On April 8, 2008, Plaintiff filed "Plaintiff's Reply Brief in Support of Motion to Amend Complaint" and "Declaration of Corinne Chandler in Support of Reply Brief Filed in Connection with Plaintiff's Motion to Amend."

## BACKGROUND

On November 3, 2006, Plaintiff filed a Complaint for breach of contract and for breach of the covenant of good faith and fair dealing ("bad faith") based on the denial of her claim for benefits under an insurance policy issued by Defendants. In September of 2001, Plaintiff, who was 80 years old, suffered a broken ankle and pursuant to the terms of the insurance policy made a claim to Defendants for long-term care benefits under the policy which she received. In June 2003 Plaintiff suffered another fall and crushed her right ankle and was required to undergo sur-

gery to repair it. Plaintiff received additional benefits after this injury. (*See* Complaint at 3.)

On August 7, 2006, Plaintiff was notified by Defendants that she was no longer eligible for benefits under the terms of her Long Term Care Policy as it had paid the maximum benefits allowed per occurrence. On August 14, 2006, Plaintiff appealed this determination informing Defendants that it had made an error in its decision to terminate her benefits. Plaintiff alleged that her 2001 and 2003 injuries were two separate injuries and therefore should not have been classified as a reoccurrence. (*See* Complaint at 3.) .

In Plaintiff's bad faith cause of action, she alleged that Defendants' conduct relating to the handling of her claim was so egregious as to entitle her to punitive damages. (*See* Complaint at 5.)

Based on recent depositions taken in January of 2008 of certain claim representatives (Kim Sharpe—Manager of the Customer Call Center and Terri Smith—claim representative who made the decision to terminate Plaintiff's benefits), Plaintiff now seeks to amend her Complaint in order to allege that the bad faith acts committed by Defendants with respect to Plaintiff's claim were committed by Defendants with an institutional reckless disregard of her rights. Plaintiff seeks to add a claim for damages under California Civil Code § 3345, which permits the trier of fact to treble punitive damages for "unfair or deceptive practices against senior citizens or disabled persons."

California Civil Code § 3345 provides as follows:

"(A) This section shall apply only in actions brought by, on behalf of, or for the benefit of senior citizens or disabled persons, as those terms are defined in subdivisions (f) and (g) of Section 1761, to redress unfair or deceptive acts or practices or unfair methods of competition.

(B) Whenever a trier of fact is authorized by statute to impose either a fine, or a civil penalty or other penalty, or any other remedy for the purpose or effect of which is to punish or deter, when the amount of the fine, penalty, or other remedy is subject to the trier of fact's discretion, the trier of fact shall consider all of the following factors, in addition to other appropriate factors, in determining the amount of fine, civil penalty or other penalty, or other remedy to impose. Whenever the trier of fact makes an affirmative finding in regard to one or more of the following factors, it may impose a fine, civil penalty or other penalty, or other remedy in an amount up to three times greater than authorized by the statute, or, where the statute does not authorize a specific amount, up to three times greater than the amount the trier of fact would impose in the absence of that affirmative finding:

(1) Where the defendant knew or should have known that his or her conduct was directed to one or more senior citizens or disabled persons.

(2) Whether the defendant's conduct caused one or more senior citizens or disabled persons to suffer: loss or encumbrance of a primary residence, principal employment, or source of income; substantial loss of property set aside for retirement, or for personal or family care and maintenance; or substantial loss of payments received under a pension or a retirement plan or a government benefits program, or assets essential to the health or welfare of the senior citizen or disabled person.

(3) Whether one or more one or more senior citizens or disabled persons are substantially more vulnerable than other members of the public to the defendant's conduct because of age, poor health or infirmity, impaired understanding, restricted mobility, or disability, and actually suffered substantial physical, emotional, or economic damage resulting from the defendant's conduct."

Plaintiff is both a senior citizen and/or a disabled individual. Plaintiff alleges that Defendants have committed one or more unfair or deceptive trade practices by their institutional conduct, which Plaintiff alleges is designed to terminate insurance benefits, without giving adequate notice of the reasons for the termination. California's civil statutory scheme permits a trier of fact to impose a penalty for such conduct, by virtue of California Civil Code § 3294, which permits a trier of fact to impose punitive damages for the purpose of deterrence. As a result of Defendants' actions, Plaintiff alleges she has been deprived of funds set aside for her personal or family care and maintenance and/or assets essential to her health and wealth.

Plaintiff alleges that if the jury finds that Defendants are liable for punitive damages, California's statutory scheme envisions that Defendants may also be subject to a trebling of said damages, in view of the fact that their reprehensible conduct was directed to a vulnerable class of individuals. The proposed Amendment to Plaintiff's Complaint merely seeks to add a prayer for relief under California Civil Code § 3345.

Defendants oppose Plaintiff's Motion to Amend the Complaint on the grounds that (1) the Motion was filed without a conference of counsel as required by Local Rule 7–3; (2) the Motion should be denied because Plaintiff was required to seek modification of the Scheduling Order which set a deadline of April 2, 2007 for amending pleadings;[1] (3) the Motion should be denied because it is not based on any evidence whatsoever; and (4) the Motion should be denied because it is futile, will result in severe prejudice to the Defendants, has been filed with undue delay and has been filed in bad faith.

Plaintiff in her Reply to Defendants' Opposition contends that there is good cause for the amendment of the Complaint at this date; that Defendants have demonstrated no prejudice if the proposed amendment is permitted; and that Civil Code § 3345 permits the trebling of punitive damages in appropriate cases.

### DISCUSSION

For all of the following reasons, Plaintiff's Motion to Amend her Complaint to add a request for damages under Civil Rule § 3345 is **GRANTED.**

### A. *Leave to Amend Should Be Freely Given.*

Federal Rule of Civil Procedure 15(a) provides in relevant part: "A party may amend the party's pleading only by leave of court or by written consent of the adverse party; and leave shall be freely given when justice so requires." Leave to amend is liberally allowed. Federal policy strongly favors determination of cases on the merits. Therefore, the role of pleadings is limited, and leave to amend is freely given unless the opposing party makes a showing of undue prejudice, or bad faith or dilatory motive on the part of the moving

---

**1.** In a Stipulation filed on the May 2, 2007, all dates set by District Judge Klausner's Order for Jury Trial had been vacated and new dates were set. However, the Scheduling Order did not contain a new cut-off date for amendment of the pleadings.

party. (*Federal Civil Procedure Before Trial*, 1999, Schwarzer, Toshima and Wagstaffe at § 8:400) citing *Foman v. Davis*, 371 U.S. 178, 182, 83 S.Ct. 227, 9 L.Ed.2d 222 (1962); *Martinez v. Newport Beach*, 125 F.3d 777, 785 (9th Cir.1997).

In Plaintiff's original Complaint, she alleges facts in support of a breach of Defendants' duty of good faith and fair dealing. One of Plaintiff's claims for relief due to this breach was under California Civil Code § 3294. Plaintiff merely seeks to add an additional statutory claim for relief based upon California Civil Code § 3345, which provides for additional relief to senior citizens and disabled persons, when relief under California Civil Code § 3294 has been established. Because Plaintiff's amendment merely seeks to add a statutorily provided claim for relief based solely upon causes of action in claims for relief contained in the original Complaint, Plaintiff's motion should be granted.

### B. *The Court Does Not Find the Proposed Amendment of the Complaint to Have Been Brought in Bad Faith or Prejudicial to Defendants.*

■ Plaintiff has filed her Motion to Amend within the Court-ordered motion cut-off date.[2] The Motion is made without bad faith or dilatory motive and seeks only to add a statutory remedy which is based upon causes of action and remedies contained in the original Complaint. The policy favoring the granting of leave is to be applied with extreme liberality. *Morongo Band of Mission Indians v. Rose*, 893 F.2d 1074, 1079 (9th Cir.1990). Because the proposed amendment merely rests upon those allegations and pleadings already made, such amendment in no way prejudices Defendants' ability to defend against the Complaint. Further, the Court does not believe that discovery will need to be re-opened on this issue, as Plaintiff is a senior citizen and/or is disabled.

■ A motion to amend a pleading, or modifying the Scheduling Order, is properly denied if the amendment is "futile for lack of merit," and would "prejudice the opposing party," or if the moving party has "unduly delayed" in filing the motion. *Jackson v. Bank of Hawaii*, 902 F.2d 1385, 1387–1388 (9th Cir.1990). Such a motion is also properly denied if brought in "bad faith." *Hargett v. Valley Federal Savings Bank*, 60 F.3d 754 (11th Cir.1995).

Plaintiff's common law cause of action for bad faith seeks, among other things, punitive damages. Plaintiff now seeks to amend that cause of action by adding a paragraph (and statement in the prayer) which allege that she is entitled to treble those punitive damages, pursuant to Civil Code § 3345. Civil Code § 3345 allows for the trebling of "fines and penalties" which are "authorized by statute" in an action brought by a "senior citizen" to "redress unfair or deceptive acts or practices"

2. Defendants contend that Plaintiff has waited 17 months after the Complaint was filed, four months past the discovery cut-off and approximately two months prior to trial in bringing this Motion. Plaintiff alleges that Defendants' discovery transgressions, including withholding two years of claim documentation from their production which reveals that six claim representatives determined that Plaintiff was entitled to benefits under the Second Benefit Period in the policy, constitutes good cause in allowing amendment of the pleading at this time. Plaintiff relies on the January 2008 depositions of Kim Sharpe, who testified regarding Conseco Call Center communications with insureds; Sharon Stigler Hunt's testimony concerning payment of benefits; and Terri Smith's deposition regarding Plaintiff's claim and testimony that indicated Defendants' production of documents failed to include the last two years of Plaintiff's claim.

which acts or practices were "directed to one or more senior citizens," and "caused one or more senior citizens to suffer" one of a number of specified losses.

California Civil Code § 3345 permits the trebling of punitive damages claims in appropriate cases. The primary basis for Defendants' opposition is that Civil Code § 3345 does not apply to common law actions where punitive damages are awarded. Defendants cite to three decisions in support of their position that Civil Code § 3345 does not apply to a punitive damage award: *Feied v. Regents of the University of California*, 2004 WL 378186 (2004); *Cobarrubias v. Allstate Insurance Company*, 1998 WL 656571 (C.D.Cal.1998); and *Sanchez v. Monumental Life*, 102 F.3d 398 (9th Cir.1996). The *Feied* and the *Sanchez* cases are not controlling in that neither case involved a claim for punitive damages. In *Feied* the plaintiff sought damages for breach of contract; thus the court held "there is consequently no statute authorizing fines or penalties, the predicate for invoking Civil Code § 3345." Similarly, in *Sanchez*, the court also held that § 3345 was not applicable to the plaintiff's claim because on its face, the statute applies to "fines or penalties" and the amount in dispute only involved contract damages. Clearly, the *Sanchez* and *Feied* decisions are not controlling to this case which involves punitive damages which by their very nature are "fines and penalties." Defendants' remaining authority, *Cobarrubias v. Allstate Insurance Company*, 1998 WL 656571 (C.D.Cal.1998), does not help. In *Cobarrubias* United States District Judge Real dismissed or struck all actions and claims of the complaint with little discussion regarding the nature of the action or whether the plaintiff met the elements to come within the ambit of Civil Code § 3345. Moreover, it does not appear that Judge Real had the benefit of the legislative history of Civil Code § 3345, which indicates that the statutory provision was enacted expressly for the purpose of trebling punitive damage awards under Civil Code § 3294.

A review of the Legislative history of Civil Code § 3345 indicates that when it was enacted it was expressly foreseen that the provision would be applied to a trebling of punitive damages under Civil Code § 3294. In explaining the purpose of Civil Code § 3345 it was stated: "(3) Existing law provides for the award of punitive damages to civil plaintiffs injured as the result of certain unlawful acts involving oppression, fraud, or malice, and awarded in order to punish the defendant. This bill would provide that, with respect to actions brought by or on behalf of senior citizens or a disabled person to redress unfair or deceptive acts or practices or acts of unfair competition, whenever a trier of fact is authorized by a statute to impose a fine, a civil penalty or other penalties, or any other remedies the purpose or a fact of which is to punish or deter, and the amount of that fine, penalty or remedy is discretionary, the trier of fact shall consider specified factors, and upon making a finding, as specified, may increase the amount of the fine, penalty or remedy up to three times greater than authorized by statute or that the trier of fact would otherwise impose." (Chandler Decl., Ex. F.)

In the case of *In re Felton*, 197 B.R. 881 (N.D.Cal.1996), the Court addressed the propriety of an award of treble punitive damages under Civil Code § 3345. Although the Court in *Felton* vacated the award of punitive damages due to the absence of financial worth evidence, it was expressly held that Civil Code § 3345 did apply to an award of punitive damages: "This statute [§ 3345] has not been cited in any reported decision. Nevertheless, the Court sees nothing in the language of

this section that overrules *Adams [v. Murakami]*, 54 Cal.3d 105, 284 Cal.Rptr. 318, 813 P.2d 1348 (1991). Section 3345 authorizes punitive damages against parties engaged in unfair practices affecting senior citizens, in an amount up to three times that which would otherwise be awarded. Thus, once a determination has been made that punitive damages should be awarded, the statute acts only as a discretionary multiplier." *In re Felton*, 197 B.R. at 892.

■ Punitive damages are "fines and penalties," within the meaning of Civil Code § 3345. Common law punitive damages fall within the definition of the statutory "fines and penalties" within the meaning of Civil Code § 3345. In *Johnson v. Ford Motor Company*, 35 Cal.4th 1191, 29 Cal.Rptr.3d 401, 113 P.3d 82 (2005), the California Supreme Court analyzed the nature of punitive damages in light of the Supreme Court's decision in *BMW of North America v. Gore*, 517 U.S. 559, 116 S.Ct. 1589, 134 L.Ed.2d 809 (1996). In *Johnson*, the California Supreme Court rejected the notion that BMW stood for the proposition that consideration of a defendant's culpable conduct was limited to the conduct at issue in the case and dispute. Rather, in *Johnson* the Court held that a defendant's recidivist conduct may be considered and "punished more severely" because that conduct was more "reprehensible" than an individual instance of malfeasance. In so holding, the *Johnson* Court expressly affirmed that in California, punitive damages serve the purpose of "punishing and deterring" wrongful conduct. *Johnson*, 35 Cal.4th 1191, 1207, 29 Cal.Rptr.3d 401, 113 P.3d 82 (2005). Thus, Plaintiff's request to amend her Complaint to seek damages under Civil Code § 3345 to "punish and deter" Defendants should be granted.

### ORDER

Accordingly, **IT IS HEREBY ORDERED** that Plaintiff's Motion to Amend the Complaint to Add a Request for Damages under Civil Code § 3345 is **HEREBY GRANTED.** Plaintiff's Proposed First Amended Complaint will be filed by April 18, 2008. Any motion or stipulations to reopen discovery, or to continue the trial, will be filed within the time allowed by the Federal Rules of Civil Procedure to respond to the Amended Complaint.