[No. S085410. July 26, 2001.]

THE PEOPLE, Plaintiff and Respondent, v.
MARCOS TREVINO, Defendant and Appellant.
In re MARCOS TREVINO on Habeas Corpus.

**COUNSEL**

Gail Harper, under appointment by the Supreme Court, for Defendant and Appellant.

Bill Lockyer, Attorney General, David P. Druliner, Chief Assistant Attorney General, Carol Wendelin Pollack, Assistant Attorney General, Sanjay T. Kumar, John R. Gorey, Kenneth C. Byrne and Alan D. Tate, Deputy Attorneys General, for Plaintiff and Respondent.

**OPINION**

**KENNARD, J.**—In California, the penalty for first degree murder is either death or life imprisonment without possibility of parole if the prosecution proves one or more of the special circumstances specified in Penal Code section 190.2.[1] (See *People v. Bacigalupo* (1993) 6 Cal.4th 457, 467-468 [24 Cal.Rptr.2d 808, 862 P.2d 808].) One of these special circumstances, commonly known as the prior-murder special circumstance, is that "[t]he defendant was convicted previously of murder in the first or second degree." (§ 190.2, subd. (a)(2).) For this purpose, "an offense committed in another jurisdiction, which if committed in California would be punishable as first or second degree murder, shall be deemed murder in the first or second degree." (*Ibid.*)

Under these provisions, defendant Marcos Trevino was sentenced to imprisonment for life without possibility of parole for a murder he committed in 1996, with the special circumstance that he had previously been convicted of murder in Texas in 1978. Defendant was 33 years old when he committed the current murder, and he was 15 years old when he committed the prior Texas murder. Since January 1, 1995, a person may be tried as an adult in California for a murder committed at the age of 14 years or older. (See Welf. & Inst. Code, § 707, subd. (d)(2); *Hicks v. Superior Court* (1995) 36 Cal.App.4th 1649 [43 Cal.Rptr.2d 269].) In 1978, however, a person could not have been tried as an adult in California for an offense committed at an age younger than 16 years. (*People v. Andrews* (1989) 49 Cal.3d 200, 221, fn. 18 [260 Cal.Rptr. 583, 776 P.2d 285].)

---

[1] All further statutory references are to the Penal Code unless otherwise stated.

The issue defendant raises here is this: May a prior-murder special-circumstance finding be based on an offense committed in another jurisdiction if, under the law as it then was, the defendant was too young to be tried as an adult in California? We conclude that it may.

## I

The circumstances of the homicide that resulted in defendant's current murder conviction need not be repeated in detail here. It is sufficient to note that a jury found him guilty of first degree murder (§§ 187, subd. (a), 189), with a finding that he personally used a firearm to commit the offense (§ 12022.5, subd. (a)), based on evidence that in February 1996, after quarrelling with Mario Nunez in the yard of defendant's residence, defendant obtained a handgun from his house and shot the unarmed Nunez three times at close range, firing the final shot while Nunez was lying helpless on the ground.

In 1978, when he was 15 years old, defendant had been tried as an adult and convicted of murder in Texas. The prosecution alleged the Texas conviction as a qualifying prior-murder special circumstance. Defendant moved to strike this allegation, arguing that because he could not then have been tried as an adult in California if he had committed the same offense in this state, the Texas conviction could not be deemed a conviction of first or second degree murder under the prior-murder special circumstance. The trial court denied the motion to strike. Defendant then admitted the allegation.

For the first degree murder of Nunez, with the prior-murder special circumstance based on the 1978 Texas murder conviction, the superior court sentenced defendant to imprisonment for life without possibility of parole. Defendant appealed from the judgment of conviction. In the Court of Appeal, defendant renewed his argument, rejected by the trial court, that the prior-murder special circumstance could not be based on an offense committed in another jurisdiction if, when he committed that offense, the defendant was too young to be tried as an adult in California. Agreeing with defendant, the Court of Appeal set aside the prior-murder special-circumstance finding, vacated the sentence, and remanded the matter to the trial court for resentencing. The court denied defendant's related petition for a writ of habeas corpus. We granted the People's petition for review.

## II

The issue before us is one of statutory construction. Our task "is to ascertain and effectuate legislative intent." (*People v. Gardeley* (1996) 14

Cal.4th 605, 621 [59 Cal.Rptr.2d 356, 927 P.2d 713].) We begin by considering the statute's words because they are generally the most reliable indicator of legislative intent. (*Ibid.*; see also *Holloway v. United States* (1999) 526 U.S. 1, 6 [119 S.Ct. 966, 969, 143 L.Ed.2d 1].) "When looking to the words of the statute, a court gives the language its usual, ordinary meaning." (*People v. Snook* (1997) 16 Cal.4th 1210, 1215 [69 Cal.Rptr.2d 615, 947 P.2d 808]; accord, *Lennane v. Franchise Tax Bd.* (1994) 9 Cal.4th 263, 268 [36 Cal.Rptr.2d 563, 885 P.2d 976].)

The provision we must construe reads: "For the purpose of this paragraph, an offense committed in another jurisdiction, which if committed in California would be punishable as first or second degree murder, shall be deemed murder in the first or second degree." (§ 190.2, subd. (a)(2).) According to the ordinary meaning of this text, a conviction in another jurisdiction may be used if the "offense" would be punishable as first or second degree murder if committed in California. Thus, the focus is on the *conduct*, not the age or other personal characteristics of the person who engaged in that conduct. It is the *offense*, and not necessarily the offender, that must satisfy statutory requirements for punishment under California law as first or second degree murder.

Section 190.2 was enacted by voter initiative in 1978, but the language of its subdivision (a)(2) is identical to a provision that the Legislature enacted as part of the 1977 death penalty law. (*People v. Andrews, supra,* 49 Cal.3d 200, 222.) In the absence of anything suggesting the contrary, we infer that the voters who enacted section 190.2 intended subdivision (a)(2) to have the same meaning as the identically worded provision drafted by the Legislature.

The Legislature knows how to draft a provision to require consideration of the defendant's age or other personal characteristic when it wants to impose this requirement. The Legislature has provided in section 668: "Every person who has been convicted in any other state, government, country, or jurisdiction of an offense for which, if committed within this state, *that person* could have been punished under the laws of this state by imprisonment in the state prison, is punishable for any subsequent crime committed within this state in the manner prescribed by law and to the same extent as if that prior conviction had taken place in a court of this state." (Italics added.) According to the plain meaning of this text, a conviction in another jurisdiction may be used if the same "person" could have been punished by imprisonment for the same conduct had it been committed in this state. Thus, section 668

would permit consideration of a defendant's age in determining whether *that defendant* could have been imprisoned for the same conduct in California.[2]

■ When the Legislature uses materially different language in statutory provisions addressing the same subject or related subjects, the normal inference is that the Legislature intended a difference in meaning. (*People v. Drake* (1977) 19 Cal.3d 749, 755 [139 Cal.Rptr. 720, 566 P.2d 622].) ■ Consistent with this general principle of statutory construction, we infer that the Legislature, when it used wording distinctly different from section 668 to define the circumstances under which offenses committed in other jurisdictions would qualify for use under the prior-murder special-circumstance provision of the 1977 death penalty law, did not intend to incorporate all the restrictions of section 668. And we infer that the voters had the same intent when they used the language of the 1977 death penalty law's prior-murder special-circumstance provision in section 190.2. We therefore conclude that under section 190.2, subdivision (a)(2), the determination whether a conviction in another jurisdiction qualifies under California's prior-murder special circumstance depends entirely upon whether the offense committed in the other jurisdiction involved conduct that satisfies all the elements of first or second degree murder under California law.

In reaching a different conclusion, the Court of Appeal relied on the reasoning of our decision in *People v. Andrews, supra,* 49 Cal.3d 200. There, this court upheld a prior-murder special-circumstance finding based on the defendant's 1967 Alabama murder conviction for a crime he had committed when he was 16 years old. In 1967, a person of the defendant's age could have been tried as an adult for murder in California, but only if the juvenile court had found him unfit to be dealt with under juvenile court law. The defendant argued that this restriction precluded use of the Alabama conviction as a basis for the prior-murder special-circumstance finding.

Rejecting the argument, we stated:

"The language of the statute does not support defendant's interpretation. Defendant is attempting to characterize the words 'would be punishable'

---

[2]Defendant does not argue that section 668 has any application to a special circumstance or controls the construction of section 190.2, subdivision (a)(2). As we have explained, section 668 "does not apply outside the realm of determinate sentence enhancements." (*People v. Pensinger* (1991) 52 Cal.3d 1210, 1261 [278 Cal.Rptr. 640, 805 P.2d 899].) Nor is this conclusion affected by the Legislature's amendment of section 668 in 1999 to provide that it applies to "all statutes that provide for an enhancement or a term of imprisonment based on a prior conviction or a prior prison term." (Stats. 1999, ch. 350, § 1.) The Legislature stated that the amendment was "intended to be declaratory of existing law as contained in People v. Butler (1998) 68 Cal.App.4th 421 [80 Cal.Rptr.2d 357], at pages 435-441." (Stats. 1999, ch. 350, § 4.) *Butler,* in turn, cited our decision in *Pensinger* as fixing the scope of section 668. (*People v. Butler, supra,* at p. 440.)

as if they were synonymous with the term 'would be punished.' ██ 'Punishable' has been defined as '[d]eserving of or capable or liable to punishment; capable of being punished by law or right.' (Black's Law Dict. (5th ed. 1979) p. 1110, col. 1.) The word does not denote certainty of punishment, but only the capacity therefor. Any minor between the ages of 16 and 18 who commits murder in California, and has been found unfit to be treated as a juvenile, can be tried and convicted as an adult and thus be liable to punishment as a murderer.

"To accept defendant's statutory construction would mean that every time the prosecution alleged a murder conviction from a foreign jurisdiction, the trial court must determine whether the guilt ascertainment procedures of that jurisdiction afforded the same procedural protections as those in California. We do not read such a requirement into the statute.

"In some states a defendant is not entitled to a preliminary hearing. (See *Hawkins* v. *Superior Court* (1978) 22 Cal.3d 584 [150 Cal.Rptr. 435, 586 P.2d 916]; Annot., Limitations on State Prosecuting Attorney's Discretion to Institute Prosecution by Indictment or by Information (1986) 44 A.L.R.4th 401.) In others, a jury consisting of fewer than 12 persons can determine guilt. (See *Williams* v. *Florida* (1969) 399 U.S. 78 [26 L.Ed.2d 446, 90 S.Ct. 1893].) In still others there is no fitness hearing to determine whether a 16 year old should be treated as an adult. While any one of these procedural differences might conceivably spell the difference between a murder conviction and some other result, nothing before us indicates that the Legislature, in enacting the 1977 death penalty legislation, or the electorate, in later duplicating its language, intended that the prosecution's ability to use convictions from other states should turn on such questions. *Rather, it appears the intent was to limit the use of foreign convictions to those which include all the elements of the offense of murder in California, and defendant has failed to show otherwise.*" (*People v. Andrews, supra,* 49 Cal.3d 200, 222-223, italics added.)

In a footnote, we added: "We express no views as to the validity of a prior-murder special-circumstance finding which is based on the conviction of a defendant under the age of 16 in a jurisdiction which permits such a minor to be tried as an adult." (*People v. Andrews, supra,* 49 Cal.3d 200, 223, fn. 19.)

Because we declined to express any view as to the validity of a prior-murder special-circumstance finding based on an offense committed in another jurisdiction when the defendant was too young to be tried as an adult in California, our decision in *People v. Andrews, supra,* 49 Cal.3d 200, is not

controlling authority here. Nor is our analysis there inconsistent with our conclusion here. In *Andrews*, we rejected the argument that "punishable" in section 190.2, subdivision (a)(2), denotes certainty of punishment, rather than simply the capacity therefor. Most significantly, we concluded that the most plausible reading of the provision at issue was that it "limit[s] the use of foreign convictions to those which include all the elements of the offense of murder in California." (*People v. Andrews, supra,* at p. 223.) That is precisely the conclusion we reach here.

 Because the age of the offender is not an element of first or second degree murder under California law, the prior-murder special circumstance may be based on a conviction in another jurisdiction for a crime for which the defendant could not have been tried as an adult in California.

### III

We conclude that a conviction in another jurisdiction may be deemed a conviction of first or second degree murder for purposes of California's prior-murder special circumstance if the offense involved *conduct* that satisfies all the elements of the offense of murder under California law, whether or not the defendant, when he committed that offense, was old enough to be tried as an adult in California. Here, defendant murdered one person in Texas in 1978 when he was 15 years old—an age at which he could be convicted as an adult in Texas then and in California now—and another in California in 1996 when he was 33. Under the construction we adopt for the prior-murder special circumstance, it makes no difference, when determining the appropriate sentence for the latter crime, committed when defendant was unquestionably an adult, that he could not have been tried as an adult in California in 1978.

We reverse the judgment of the Court of Appeal insofar as it reversed the superior court's judgment on defendant's appeal (B118891), and we remand the appeal to that court with directions to affirm the superior court's judgment in all respects. We affirm the Court of Appeal's judgment denying defendant's petition for a writ of habeas corpus (B134606).

Baxter, J., Chin, J., and Brown, J., concurred.

**GEORGE, C. J.,** Dissenting.—The majority determines that a 1978 murder conviction entered in Texas for a crime committed when the defendant was 15 years of age constitutes a prior murder conviction for the purpose of Penal Code section 190.2, subdivision (a)(2), despite the circumstance that,

because of his age, defendant could not have been convicted of murder in California at that time.[1] I disagree.

At issue is a provision of section 190.2, which defines special circumstances that, if demonstrated, render a defendant charged with murder subject to the death penalty or life in prison without the possibility of parole. One such special circumstance is shown if the defendant has a prior murder conviction, specifically, if "[t]he defendant was convicted previously of murder in the first or second degree." (§ 190.2, subd. (a)(2).) The statute further provides: "For the purpose of this paragraph, an offense committed in another jurisdiction, which *if committed in California* would be punishable as first or second degree murder, shall be deemed murder in the first or second degree." (Italics added.)

Defendant was convicted of murder in Texas in 1978, for a crime committed when he was 15 years of age. Defendant, like any other person who committed a murder at age 15 in California at that time, could not have been tried in California as an adult had he been accused of murder in California, nor could he have been punished by a term in state prison. (See former Welf. & Inst. Code, § 602, as amended by Stats. 1976, ch. 1071, § 12, p. 4819; see also former Welf. & Inst. Code, § 707, as amended by Stats. 1977, ch. 1150, § 2, p. 3693.) Rather, he would have been subject to the jurisdiction of the juvenile court, which would not have entered a criminal conviction, but instead would have adjudged him to be a ward of the court. (*Ibid.*) Thus, his act would and could not at that time be "punishable as first or second degree murder."

The majority, however, concludes that the crucial words of section 190.2, subdivision (a)(2), are "an offense," and that a proper interpretation of the statute turns on a comparison of the elements of the offense in California and in the foreign jurisdiction, rather than on any personal characteristic of the defendant. Because the crime of murder as defined in Texas and California in 1978 consisted of the same elements, the majority concludes that defendant's Texas murder conviction fits the proviso of section 190.2, subdivision (a)(2).

Viewed in isolation, it may be the case that the reference to "an offense" in a statute ordinarily would relate only to a crime in the abstract— to the elements of the offense—and not to a defendant's status or personal characteristics. Section 190.2, subdivision (a)(2), refers, however, not simply to "an offense" but to an offense that "would be punishable as" murder if committed in California. We should give effect to the words "would be

---

[1]All statutory references are to the Penal Code unless otherwise indicated.

punishable as," since in interpreting a statute, we generally should give effect to each word employed by the Legislature. (See *People v. Woodhead* (1987) 43 Cal.3d 1002, 1010 [239 Cal.Rptr. 656, 741 P.2d 154].) It seems evident that the words "would be punishable as" refer not merely to the elements of the offense but to the potential punishment that could be imposed. A murder committed by a person 15 years of age was not "punishable as" a murder in California in 1978, because at that time, only minors 16 years of age or older could be found fit to be tried and punished as adults. (See former Welf. & Inst. Code, § 707, as amended by Stats. 1977, ch. 1150, § 2, p. 3693.)

I do not agree with the majority that section 190.2, subdivision (a)(2), does not refer to the status, personal characteristics, or circumstances of the accused. Certainly the majority is correct to the extent that the statute does not permit the defendant to avoid the special circumstance by pointing to differing affirmative defenses in California and the foreign jurisdiction or to different rules regarding such matters as jury selection or jury unanimity. The statute does not contemplate a trial within a trial to determine whether, if defendant had been charged with the crime in California, he or she *would* have been convicted given the evidence of guilt that was introduced. But this *does not suggest that the status of the defendant, leaving aside the facts of the crime, is irrelevant.* The question is not whether the defendant *would* have been convicted and punished in California for the offense of murder under the particular circumstances of the crime, but whether he or she *could* have been convicted and punished in California for that offense. A trial within a trial would not be necessary to resolve this issue. The clearly established circumstance of the defendant's age at the time of the offense should be considered relevant when that age would render the offense not "punishable as first or second degree murder."

The majority offers in support of its interpretation the claim that the Legislature "knows how" to draft a provision requiring consideration of the defendant's age or other personal characteristics, and that its failure to do so expressly in section 190.2, subdivision (a)(2), indicates that it did not intend that personal characteristics be considered. Specifically, the majority suggests that if the Legislature intended personal characteristics of the defendant to be relevant under section 190.2, subdivision (a)(2), it would have employed language such as the following found in section 668: "Every person who has been convicted in any other . . . jurisdiction of an offense for which, if committed within this state, that person could have been punished under the laws of this state by imprisonment in the state prison . . . ."

I do not believe that a strong inference regarding legislative intent can be drawn from the Legislature's failure to employ the language of section 668,

but in any event, the majority's own interpretation of section 190.2, subdivision (a)(2), is subject to the same claim. Assuming the Legislature's intent was limited to comparing the elements of the crime of murder in the foreign jurisdiction and in California, the Legislature similarly would know how to state this specifically—it could have employed language such as that found in section 667.51, which provides for enhanced punishment for those with prior sex offense convictions, including "any offense committed in another jurisdiction that includes all of the elements of . . . the [California] offenses . . . ." (§ 667.51, subd. (b); see also §§ 667.51, subd. (c), 667.61, subd. (d)(1), 667.71, subd. (c)(14).)

The interpretation offered by the majority produces the anomaly that defendant is subject to the special circumstance only because his prior offense was committed in Texas; had it been committed in California, he could have been committed only as a juvenile, and would not have been "previously convicted of murder" as section 190.2, subdivision (a)(2), requires. Thus, under the majority's view defendants whose prior juvenile offenses were committed in another state are treated more harshly than those whose offenses were committed in California. No legislative rationale has been suggested for such a distinction in treatment, and it would raise serious constitutional questions.

The interpretation I have suggested, of course, does not eliminate all anomalies in the statute's application to prior juvenile murders, particularly because California juvenile law with respect to the treatment of youthful offenders has changed over the years. (See, e.g., Welf. & Inst. Code, § 602, subd. (b) [providing for prosecution in adult court of persons over the age of 14 years when enumerated offenses are charged].) But it remains true that the interpretation offered by the majority would make the existence of a prior-murder special circumstance depend upon whether the prior offense occurred in California or in some other state. That type of anomaly would be inconsistent with the apparent legislative intent to provide equal treatment of defendants under this provision of the death penalty statute regardless whether their prior crimes were committed in California or in another jurisdiction.

In support of a conclusion consistent with that reached by the majority, counsel for respondent claimed at oral argument that if Texas were to convict and punish 10 year olds as adults for murder, California would be bound by section 190.2, subdivision (a)(2), to follow suit with respect to the prior-murder special circumstance, stating that "we should give credit to that conviction and the finding by the Texas courts that this person was suitable to be tried as an adult. We do have some 10 year olds out there committing

some very heinous crimes. I hate to see that happen but sometimes that needs to be recognized and I think we have to give deference to those types of findings from other states." I disagree. In my view, section 190.2, subdivision (a)(2), does not require or contemplate this type of deference to other states' determinations regarding what type of defendant is subject to punishment *in California* for first or second degree murder.

In sum, I believe that the language of section 190.2, subdivision (a)(2), is truly ambiguous, as is the evidence of legislative intent to be derived from the Legislature's failure to employ the more precise language that it has used in other statutes. Reasonable minds can differ—as they have in the Court of Appeal and in this court—over the proper interpretation of section 190.2, subdivision (a)(2). In my view, the interpretation I have suggested is the more reasonable, given the statutory language. At the very least, I believe that it is *as* reasonable as the interpretation offered by the majority, so that the statutory provision before us presents an appropriate occasion on which to construe any ambiguity in the statutory language " 'as favorably to the defendant as its language and the circumstances of its application may reasonably permit . . . .' " (*People v. Garcia* (1999) 21 Cal.4th 1, 10 [87 Cal.Rptr.2d 114, 980 P.2d 829]; see also *People v. Hicks* (1993) 6 Cal.4th 784, 795-796 [25 Cal.Rptr.2d 469, 863 P.2d 714].) Under these circumstances, I believe that the words "would be punishable as first or second degree murder" should lead us to interpret the statute so that it would not include the conviction of a minor in a foreign jurisdiction for an offense that could not have been punished as first or second degree murder had the offense been committed in California.

For these reasons, I respectfully dissent.

Werdegar, J., concurred.