H. Peter NOVICK, M.D., Plaintiff,

v.

UNUM LIFE INSURANCE COMPANY OF AMERICA, Defendants.

No. CV 08–02830 DDP (PJWx).

United States District Court, C.D. California.

Aug. 7, 2008.

Elizabeth K. Green, Lisa S. Kantor, Kantor and Kantor, Northridge, CA, for Plaintiff.

Robert E. Hess, Barger and Wolen LLP, Irvine, CA, for Defendants.

## ORDER DENYING DEFENDANTS' MOTION TO STRIKE

DEAN D. PREGERSON, District Judge.

This matter is before the Court on Defendant UNUM Life Insurance Company of America's ("UNUM") Motion to Strike Portions of Plaintiff H. Peter Novick's ("Plaintiff") Complaint. After reviewing the materials submitted by the parties and considering the arguments therein, the Court is able to rule on the motion without oral argument. The Court denies the motion.

## I. BACKGROUND

As alleged in the Complaint, UNUM issued a long term disability benefits policy to Plaintiff, a medical doctor, on January 18, 1976. The policy provided for benefits if Plaintiff became totally disabled due to an accident suffered while performing the regular duties of his occupation as a surgeon. (Compl.¶ 5.) In June 1992, Plaintiff suffered a spinal injury rendering him incapable of performing his duties as a surgeon. (Compl.¶ 6.) Plaintiff later filed a claim with UNUM for benefits under the policy. (Compl.¶ 8.) UNUM approved Plaintiff's entitlement to benefits, and paid benefits until January 18, 2007. (Compl.¶ 9.) UNUM then stopped paying benefits (Compl.¶ 9.) Plaintiff alleges that UNUM's decision to discontinue benefits was a breach of contract and a breach of the covenant of good faith and fair dealing.

## II. DISCUSSION

### A. *Legal Standard*

Under Federal Rules of Civil Procedure 12(f), a court "may order stricken from any pleading ... any redundant, immaterial, impertinent, or scandalous matter." Motions to strike are not favored and "should not be granted unless it is clear that the matter to be stricken could have no possible bearing on the subject matter of the litigation." *Colaprico v. Sun Microsystems, Inc.*, 758 F.Supp. 1335, 1339 (N.D.Cal.1991). This is "because of the limited importance of pleadings in federal practice and because [a motion to strike] is usually used as a delaying tactic." *RDF Media Ltd. v. Fox Broad. Co.*, 372 F.Supp.2d 556, 561 (C.D.Cal.2005). Courts will not grant motions to strike unless "convinced that there are no questions of fact, that any questions of law are clear and not in dispute, and that under no set of circumstances could the claim or defense succeed." *Id.* When ruling on a motion to strike, this Court "must view the pleading under attack in the light most favorable to the pleader." *Id.*

### B. *Analysis*

In the Complaint, Plaintiff alleges that UNUM conducted itself in bad faith. For this conduct, Plaintiff requests punitive damages pursuant to California Civil Code § 3294, and a trebling of any punitive damages awarded by the trier of fact pursuant to California Civil Code § 3345. (Compl.¶¶ 18–19.)

UNUM seeks to strike Plaintiff's request. First, UNUM argues that California Civil Code § 3345 does not allow trebling of punitive damages. Second, UNUM contends that trebling of punitive damages cannot be awarded for an insurer's bad faith conduct.

California Civil Code § 3345 provides that a trier of fact may award treble damages (1) "in actions brought by, on behalf of, or for the benefit of senior citizens or disabled persons, as those terms are defined in subdivisions (f) and (g) of [Califor-

nia Civil Code] Section 1761, to redress unfair and deceptive acts or practices or unfair methods of competition," when (2) "a trier of fact is authorized by statute to impose either a fine, or a civil penalty *or other penalty, or any other remedy for the purpose or effect of which is to punish or deter ....*" Cal. Civ.Code § 3345 (emphasis added).

Beginning with the second prong, California Civil Code § 3294 permits a trier of fact to award punitive damages for conduct constituting malice, fraud, or oppression. *See* Cal.Code Civ. Pro. § 3294. The language of California Civil Code § 3345 contemplates trebling of punitive damages awards where a trier of fact is authorized by § 3294 to impose punitive damages. Under § 3345, a punitive damages award authorized by § 3294 qualifies as "other penalt[ies], or any other remedy for the purpose or effect of which is to punish or deter" *See* Cal. Civ.Code § 3345. Accordingly, § 3345 provides for treble punitive damages.

UNUM's motion, however, poses the separate question whether California Civil Code § 3345 permits treble punitive damages that are awarded as part of a bad faith claim. In opposition, Plaintiff relies on a recent Central District of California decision, *Ross v. Pioneer Life Ins. Co.,* 545 F.Supp.2d 1061 (C.D.Cal.2008), that construed California Civil Code § 3345 to allow trebling of punitive damages for bad faith conduct by an insurer. *Id.* at 1065–66. In its reply, UNUM suggests that trebling under California Civil Code § 3345 is unavailable because Plaintiff has not alleged a California Business and Professions Code § 17200 claim challenging

unfair competition. In other words, UNUM contends that there cannot be a trebling of any punitive damages awarded as part of Plaintiff's bad faith claim.[1]

A court construes a statute to ascertain the legislative intent and to effectuate the law's purpose. *Green v. State of California,* 42 Cal.4th 254, 261, 64 Cal.Rptr.3d 390, 165 P.3d 118 (2007) (citations omitted). The Court turns first to the language of § 3345. *People v. Trevino,* 26 Cal.4th 237, 241, 109 Cal.Rptr.2d 567, 27 P.3d 283 (2001). The trebling of punitive damages is available "in actions brought by, on behalf of, or for the benefit of senior citizens or disabled persons, as those terms are defined in subdivisions (f) and (g) of [California Civil Code] Section 1761, to redress unfair and deceptive acts or practices or unfair methods of competition...." *See* Cal. Civ.Code § 3345. UNUM's implicit contention, to which Plaintiff disagrees, is that this language is a limitation on the types of claims where trebling is available, and that Plaintiff's bad faith claim does not qualify as an action to redress unfair practices. This dispute requires determining whether the California legislature, when enacting § 3345, intended for the trebling provision to be limited to statutory causes of action that specifically reference unfair business practices and unfair competition—for example, the Unfair Competition Law ("UCL"), Cal. Bus. & Prof.Code § 17200, or the Consumer Legal Remedies Act ("CLRA"), Cal. Civ.Code §§ 1750 *et seq.,* or whether the legislature intended a broader application of some kind.

The relevant language in § 3345, that appears to limit trebling to actions that seek "to redress unfair and deceptive acts

---

**1.** After receiving the briefing on this motion, Plaintiff filed a request for judicial notice of a recent district court decision on the issue before the Court here. In *Hood v. Hartford,* 567 F.Supp.2d 1221, 2008 WL 2897094 (E.D.Cal.2008), the court held that a trier of fact may treble of punitive damages under § 3345 for an insurer's bad faith conduct. The Court grants judicial notice of this decision. *Hood* is persuasive as the most thorough analysis of § 3345 to date in this context.

or practices or unfair methods of competition" is nearly identical to language contained in the CLRA. The CLRA enumerates "unfair methods of competition and unfair or deceptive acts or practices" that are prohibited in consumer transactions. Cal. Civ.Code § 1770. Moreover, § 3345 incorporates the definitions of "senior citizen" and "disabled person" from California Civil Code § 1761, which is part of the CLRA. The CLRA further provides that "[a]ny consumer who suffers any damage as a result of the use or employment by any person of a method, act or practice declared to be unlawful by [Civil Code] section 1770 may bring an action against that person to recover actual damages, injunctive relief, restitution of property, punitive damages, and any other relief the court deems proper." Cal. Civ.Code 1780; *see also Wang v. Massey Chevrolet*, 97 Cal.App.4th 856, 869, 118 Cal.Rptr.2d 770 (2002). The plain language of California Civil Code § 3345 shows that California clearly intended to allow trebling of punitive damages in a CLRA action within the trier of fact's discretionary judgment.

§ 3345, however, does not expressly limit its scope to CLRA claims. As noted by the court in *Hood*, 567 F.Supp. 1221, 1228, 2008 WL 2897094 at *5 (E.D.Cal.2008), the Unfair Insurance Practices Act, Cal. Ins. Code §§ 790 *et seq.*, also provides a claim for "unfair or deceptive practices or acts." [2] *Id.*, citing Cal. Ins.Code § 790.03. Moreover, the legislature has demonstrated that it will enumerate remedies for statutory causes of action when it desires those remedies to be specific to a particular statute. *See* Cal. Civ.Code § 1780(b)

(providing remedies for the CLRA); *see also Hood*, 567 F.Supp. 1221, 1228, 2008 WL 2897094 at *5. The legislature did not do so when it designed § 3345 as a general remedial provision. The text and structure of the statute does not limit the availability of treble damages to statutory causes of action asserting unfair practice claims nor exclude common law claims. The Court will not imply limitations that the legislature did not intend.

The legislative history for Senate Bill 1157 added California Business and Professions Code § 17206.1, amended California Civil Code sections §§ 1761 and 1780, and added California Civil Code § 3345. (SB 1157 Legislative History, Declaration of Elizabeth Green, Exh. A.) The preamble to the bill mentions first that "[e]xisting law makes it unlawful for any person to engage in unfair business practices, as defined", and that California Business and Professions Code § 17206.1 increases the civil penalty for "acts of unfair competition ... perpetrated against one or more senior citizens or disabled persons." The preamble next provides that "[e]xisting law establishes the Consumers Legal Remedies Act", and that California Civil Code §§ 1761 and 1780 expand the statutory protections and penalties for violations under the CLRA. The preamble finally appears to make reference to § 3294, in stating that "[e]xisting law provides for the award of punitive damages to civil plaintiffs injured as the result of certain unlawful acts involving oppression, fraud, or malice, and awarded in order to punish the defendant...." Following this language is

2. UNUM suggests that § 3345 would also permit trebling of punitive damages for a UCL claim, Cal. Bus. & Prof.Code § 17200 claim. It is unclear whether this is so. California Civil Code § 3345 allows trebling in actions "to redress unfair methods of competition", where § 17200 is a statutory cause of action designed to serve that purpose. However, there is authority that indicates punitive damages are unavailable when a plaintiff brings a § 17200 claim. *Korea Supply Co. v. Lockheed Martin Corp.*, 29 Cal.4th 1134, 1148, 131 Cal. Rptr.2d 29, 63 P.3d 937 (2003). The Court need not resolve this question because Plaintiff has not raised a § 17200 claim, or a CLRA claim for that matter.

a summary of the language from California Civil Code § 3345.

■ The legislative history indicates that § 3345 and § 3294 are to be read together, and that trebling of punitive damages is available when the "underlying cause of action involves 'unfair practices.'" *See Hood*, at 1228–29, 2008 WL 2897094, *5–6 (adopting this approach). Similar to the court in *Hood*, this Court finds that a bad faith claim redresses unfair practices. *Id.* at 1229–30, 2008 WL 2897094, *6–7. The court in *Hood* based its decision on the relationship between a UCL claim and a bad faith action, and the fact that both types of claims target unfair practices. *Id.* This Court adds that tort recovery for bad faith in the context of the insurer-insured relationship "is considered appropriate ... [because u]nlike most other contracts for goods or services, an insurance policy is characterized by elements of adhesion, public interest and fiduciary responsibility." *Cates Constr. v. Talbot Partners*, 21 Cal.4th 28, 44, 86 Cal.Rptr.2d 855, 980 P.2d 407 (1999) (citations omitted). An insurer's bad faith failure to pay a claim strips an insured of the "protection against calamity" that animates the purchase of insurance. *Egan v. Mutual of Omaha Ins. Co.*, 24 Cal.3d 809, 819, 169 Cal.Rptr. 691, 620 P.2d 141 (1979). This further supports a reading of § 3345 that effectuates the legislature's purpose of protecting senior citizens and disabled persons from unfair practices.

UNUM relies on the Department of Consumer Affairs analysis of SB 1157. (Def.'s Amended Request for Judicial No-

tice, Exh. 1.) The Court does not consider this analysis to limit § 3345 in the manner recommended by UNUM. First, the analysis primarily addresses the addition of California Business and Professions Code § 17206.1, not California Civil Code § 3345. It is thus of limited relevance to interpretation of § 3345. Even so, the Court's reading of § 3345 advances the policies of preventing consumer fraud against senior citizens and disabled persons that are identified by the Department of Consumer Affairs in the analysis. (*See id.*) The trebling of punitive damages for bad faith conduct by an insurer against senior citizens or disabled persons serves to deter consumer fraud or other unfair practices.

The Court concludes that trebling under § 3345 was intended to apply broadly to causes of action that challenge unfair practices. Treble punitive damages are available as part of a bad faith claim.[3] Here, Plaintiff has alleged that he is a senior citizen and a disabled person, and that UNUM acted in bad faith. Plaintiff has also requested treble punitive damages. Plaintiff is entitled to make this request.

## III. CONCLUSION

For the foregoing reasons, the Court DENIES the motion to strike.

IT IS SO ORDERED.

---

**3.** UNUM additionally argues that § 3345 trebling of punitive damages is unconstitutional under *State Farm Mutual Automobile Insurance Company v. Campbell*, 538 U.S. 408, 416, 123 S.Ct. 1513, 155 L.Ed.2d 585 (2003) (holding with respect to punitive damages awards that "the Due Process Clause of the Four-

teenth Amendment prohibits the imposition of grossly excessive or arbitrary punishments on a tortfeasor"). For reasons discussed in the *Hood* decision, the Court disagrees. § 3345 is not facially unconstitutional. UNUM may be entitled to raise an as-applied challenge to treble punitive damages if awarded.