Filed 10/20/21  Park v. Nazari CA2/3

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(a). This opinion has not been certified for publication or ordered published for purposes of rule 8.1115(a).

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## SECOND APPELLATE DISTRICT

## DIVISION THREE

| | |
|---|---|
| CHOP WON PARK et al., | B306648 |
| Plaintiffs and Respondents, | Los Angeles County |
| v. | Super. Ct. No. BC422025 |
| KELLY NAZARI et al., | |
| Defendants and Appellants. | |

APPEAL from an order of the Superior Court of Los Angeles County, Malcolm H. Mackey, Judge. Affirmed.

Robie & Matthai and Kyle Kveton for Defendants and Appellants.

Spainhour Law Group and Kevin Spainhour for Plaintiffs and Respondents.

## INTRODUCTION

Defendants and appellants Kelly Nazari, Shahrokh Nazari, and Shawn Nazari (Nazari defendants) appeal from an order of the trial court denying their motion to set aside judgments entered against them in 2013 and 2017. The Nazari defendants argue that the judgments are void because one of the plaintiffs in the case, True World, a limited liability company (True World), was dissolved in 2011. Accordingly, they argue the court erred by failing to set aside the judgments under Code of Civil Procedure section 473, subdivision (d), or under the court's inherent equitable power.

We conclude, as the court did, that the Nazari defendants fail to establish that the judgments are void. Accordingly, we affirm.

## FACTS AND PROCEDURAL BACKGROUND

Because the facts necessary to our decision are limited, we provide only a brief summary of the proceedings below.

Plaintiff and respondent Chop Won Park initiated the present lawsuit against the Nazari defendants and others in September 2009. (Super. Ct. L.A. County, No. BC422025.) An amended complaint filed in July 2010 added True World as a plaintiff.

A jury trial took place in 2013. The jury found for plaintiffs and concluded that True World suffered actual damages of $558,626.07 and Park suffered actual damages of $661,714. The jury also awarded Park punitive damages against Shawn Nazari in the amount of $100,000. The court awarded prejudgment interest on both damages awards and, in November 2013, ultimately entered judgment in favor of Park for $719,551.40 and

in favor of True World for $869,164.52. The court subsequently awarded plaintiffs attorney's fees of $487,329.50.

The Nazari defendants appealed. In 2016, a different panel of this court reversed the award of prejudgment interest but otherwise affirmed the 2013 judgment. In March 2017, and after the remittitur issued, the trial court filed an amended judgment.[1]

In March 2020, the Nazari defendants filed a motion to vacate the judgments and recall the writ of execution. They asserted mainly that True World had filed certificates of cancellation and dissolution with the California Secretary of State on April 11, 2011, and, as a result, lacked standing to sue or maintain the lawsuit. The Nazari defendants argued that the judgments were void and asked the court to set them aside under Code of Civil Procedure section 473, subdivision (d), and/or the court's inherent equitable powers.

Plaintiffs opposed the motion. Although the Nazari defendants claimed that plaintiffs had actively concealed True World's dissolution, plaintiffs demonstrated that the Nazari defendants had been advised of True World's status in September 2011. Specifically, plaintiffs noted that they disclosed True World's status in their oppositions (and supporting declarations) to two motions for summary judgment in September 2011. In addition, True World's accountant testified to True World's status during his October 2011 deposition. Moreover, plaintiffs urged, the Nazari defendants provided no reason for their failure to bring this issue to the court's attention

---

[1] Although the respondents' brief lists Bonnie Nguyen as a defendant and respondent, she is not a judgment creditor and the reason for her appearance in this appeal is unclear.

sooner, i.e., before or during the 2013 trial, and therefore their motion was untimely.

The court heard argument and denied the motion. First, the court found the Nazari defendants failed to establish that, as a matter of law, filing a certificate of cancellation rendered True World unable to litigate the case. In the alternative, the court found the Nazari defendants' motion was untimely because it was filed nine years after the Nazari defendants knew that True World had filed the certificate of cancellation.

The Nazari defendants timely appeal.

## DISCUSSION

### 1. Applicable Law and Standard of Review

Code of Civil Procedure, section 473, subdivision (d), provides that a trial court "may, on motion of either party after notice to the other party, set aside any void judgment or order." "[I]nclusion of the word 'may' in the language of section 473, subdivision (d) makes it clear that a trial court retains discretion to grant or deny a motion to set aside a void judgment." (*Cruz v. Fagor America, Inc.* (2007) 146 Cal.App.4th 488, 495.) However, the trial court "has no statutory power under section 473, subdivision (d) to set aside a judgment that is not void ... ." (*Id*. at pp. 495–496.) Thus, on review of a ruling on a motion brought under section 473, subdivision (d), we generally consider two questions: whether the judgment is void and, if so, whether the trial court properly exercised its discretion in setting it aside. (*Nixon Peabody LLP v. Superior Court* (2014) 230 Cal.App.4th 818, 822.) "Similarly, a court has inherent power, apart from statute, to correct its records by vacating a judgment which is

4

void on its face, for such a judgment is a nullity and may be ignored." (*Olivera v. Grace* (1942) 19 Cal.2d 570, 574.)

We review the trial court's determination whether an order is void de novo and its decision whether to set aside a void order for an abuse of discretion. (See *Pittman v. Beck Park Apartments Ltd.* (2018) 20 Cal.App.5th 1009, 1020.)

**2. The court properly denied the motion to vacate the judgments because the Nazari defendants failed to demonstrate that the judgments are void.**

As just explained, the Nazari defendants were required to establish as a threshold matter that the judgments are void. We conclude the Nazari defendants failed to establish that the judgments are void and, therefore, we need not consider the Nazari defendants' numerous other arguments.

A judgment is void if the court " 'lack[s] fundamental authority over the subject matter, question presented, or party.' " (*Lee v. An* (2008) 168 Cal.App.4th 558, 565, quoting *In re Marriage of Goddard* (2004) 33 Cal.4th 49, 56; accord, *People v. The North River Ins. Co.* (2020) 48 Cal.App.5th 226, 233 [a judgment is void only when the court entering that judgment lacked jurisdiction in a fundamental sense due to the entire absence of power to hear or determine the case resulting from the absence of authority over the subject matter or the parties].) The Nazari defendants contend True World ceased to exist for all purposes when it filed its certificate of cancellation on April 11, 2011. They further claim that because True World no longer existed as of that date, True World lacked standing to sue or participate in the litigation, and that the absence of standing deprived the court of "jurisdiction in the most fundamental sense" over the entire proceeding, rendering the judgments void.

5

Although the Nazari defendants offer myriad arguments in support of this theory, we need only consider the threshold matter of whether True World was able to litigate this case after its dissolution April 11, 2011. We conclude that under the law in effect at the time, it was.

As the Nazari defendants observe, the Legislature substantially amended the statutory provisions governing limited liability companies in 2012, effective January 1, 2014. (Stats. 2012, ch. 419, § 20; Corp. Code, § 17713.13[2] [effective Jan. 1, 2014]; *Kennedy v. Kennedy* (2015) 235 Cal.App.4th 1474, 1485–1486 [explaining repeal of former section 17000 et seq. (codified in title 2.5 of the Corporations Code) and enactment of section 17701.01 et seq. (codified in title 2.6 of that code)].) We are concerned, however, with events that took place in 2011 and which are therefore governed by the statutory provisions in effect at that time.

As pertinent here, the former law[3] required the members of a dissolving limited liability company (LLC) to file a certificate of dissolution with the Secretary of State. (Former § 17356, subd. (a)(1).) At that point, the LLC could not continue its business operations, except as necessary to wind up its affairs. (Former § 17354, subd. (a).) After the wind up was complete, the members were required to file a certificate of cancellation of the articles of organization noting, among other things, that a final

---

[2] All undesignated statutory references are to the Corporations Code.

[3] The statutes at issue are former section 17354 (Added by Stats. 1994, ch. 1200, § 27) and former section 17356 (Added by Stats. 1994, ch. 1200, § 27. Amended by Stats. 1996, ch. 57, § 24; Stats. 1998, ch. 243, § 7; Stats. 1999, ch. 1000, § 34; Stats. 2006, ch. 773, § 43).

tax return had been or would be filed. (Former § 17356, subd. (b)(2)(B).) The Secretary of State was required to notify the Franchise Tax Board of the filing. (Former § 17356, subd. (b)(3).)

Importantly for our purposes, former section 17354, subdivision (a) provided, "A limited liability company that is dissolved nevertheless continues to exist for the purpose of … prosecuting and defending actions by or against it in order to collect and discharge obligations … ." Subdivision (b) of that section also provided, "No action or proceeding to which a limited liability company is a party abates by the dissolution of the limited liability company or by reason of proceedings for the winding up and dissolution thereof." Subdivision (b) indicates that, under former law, a dissolved LLC could continue to participate in litigation even after its dissolution was complete, i.e., after the certificate of cancellation of its articles of organization was filed. This stands in contrast to current law, which explicitly provides that "[u]pon filing a certificate of cancellation pursuant to subdivision (b), a limited liability company shall be canceled and its powers, rights, and privileges shall cease." (§ 17707.08, subd. (c).)

The plain language of the former statute notwithstanding, the Nazari defendants assert—without citation to any supporting authority[4]—that "as a statutory and practical matter, the pre-2014 Act permitted a limited liability company which was in the process of dissolution to continue to wind up its affairs and to prosecute and defend [legal] actions. However, the pre-2014 Act contains no such saving provision for a cancelled limited liability

[4] We disregard references to the instructions accompanying the forms, which are not legal authority.

7

company. Indeed, the statutory mandate that an LLC complete the winding up of its affairs before filing a Certificate of Cancellation, and the requirement that the limited liability company file a final annual or franchise tax return for the calendar year of cancellation make it clear that once a limited liability company was cancelled, it ceased to exist, and had no right, power, or privilege to continue to conduct business or to prosecute or defend [legal] actions."

The former law does contain one provision to that effect. Former section 17350.5, subdivision (c), states, "Upon filing a certificate of cancellation pursuant to subdivision (a), a limited liability company shall be cancelled and its powers, rights, and privileges shall cease." But this provision applies only when "a domestic limited liability company has not conducted *any* business." (Former § 17350.5, subd. (a), emphasis added.) As acknowledged by the Nazari defendants, the judgments in the underlying litigation establish that this provision is inapplicable here. Further, the fact that neither former section 17354 nor former section 17356 state, as former section 17350.5 does, that a dissolved LLC's "powers, rights, and privileges shall cease," suggests the omission was intentional. (*People v. Trevino* (2001) 26 Cal.4th 237, 242 ["When the Legislature uses materially different language in statutory provisions addressing the same subject or related subjects, the normal inference is that the Legislature intended a difference in meaning."]; *People v. McCallum* (2020) 55 Cal.App.5th 202, 212.)

In sum, the Nazari defendants failed to establish that the judgments they seek to set aside are void. As a result, they have failed to demonstrate any error on the part of the trial court in denying their motion to vacate the judgments.

8

## DISPOSITION

The order denying the motion to vacate the judgments is affirmed. Respondents shall recover their costs on appeal.


**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**


                                        LAVIN, J.

WE CONCUR:


    EDMON, P. J.


    MATTHEWS, J.*

---

\* Judge of the Los Angeles Superior Court, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.