Filed 3/14/24  P. v. Spengler CA2/2

# NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## SECOND APPELLATE DISTRICT

## DIVISION TWO

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>    v.<br><br>MICHAEL R. SPENGLER,<br><br>    Defendant and<br>Appellant. | B331068, consolidated with B331084<br><br>(Los Angeles County Super. Ct. Nos. KA075833 & KA099426) |

APPEAL from orders of the Superior Court of Los Angeles County, Douglas Sortino and Rubiya Nur, Judges.  Dismissed.

Murray Kamionski, under appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Susan Sullivan Pithey, Assistant Attorney General, Noah P. Hill and Steven E. Mercer, Deputy Attorneys General, for Plaintiff and Respondent.

\* \* \* \* \* \*

Michael Spengler (defendant) purports to appeal two orders denying him a refund of the fines and assessments he already paid for two felony convictions he sustained back in 2006 and 2013. We lack jurisdiction to entertain this appeal, so dismiss it. The appeal also lacks merit.

## FACTS AND PROCEDURAL BACKGROUND

### I. Defendant's 2006 Drug Conviction

#### A. *Plea and sentence*

In August 2006, and as pertinent here, defendant pled no contest to a single count of possession of methamphetamine as a felony (Health & Saf. Code, § 11377, subd. (a)).[1] The trial court placed defendant on three years of probation pursuant to the then-existing "Proposition 36" drug rehabilitation program (Prop. 36, as approved by voters, Gen. Elec. (Nov. 7, 2000)). When defendant violated that probation (and committed a new crime), the trial court sentenced him to two years in prison. The court also imposed a $200 restitution fine (pursuant to Penal Code section 1202.4, subd. (b)),[2] a $20 court security assessment (pursuant to Penal Code section 1465.8, subd. (a)(1)), and a $160

---

[1]    Defendant also entered a plea to a misdemeanor count of vandalism and admitted he had a prior prison term.

[2]    All further statutory references are to the Penal Code unless otherwise indicated.

2

lab fee (pursuant to Health and Safety Code section 11372.5, subd. (a)). The court imposed but stayed an additional $200 parole revocation fine (pursuant to Penal Code section 1202.45).

### B. *Redesignation as a misdemeanor*

In July 2017, defendant filed a petition pursuant to section 1170.18 asking to have his 2006 felony drug conviction redesignated as a misdemeanor. The trial court granted his petition on August 3, 2017.

## II. Defendant's 2013 Drug Conviction

### A. *Plea and sentence*

In January 2013, and as pertinent here, defendant pled no contest to a single count of possession of methamphetamine as a felony (Health & Saf. Code, § 11377, subd. (a)). When defendant did not report to a live-in drug rehabilitation center to serve a 16-month sentence, the trial court in April 2013 sentenced defendant to 16 months *in jail*. The court also imposed a $280 restitution fine, a $40 court security assessment, a $30 criminal conviction assessment (Gov. Code, § 70373), and a $205 lab fee.

### B. *Redesignation as a misdemeanor*

In July 2017, defendant filed a petition pursuant to section 1170.18 asking to have his 2013 felony drug conviction redesignated as a misdemeanor. The trial court granted his petition on August 7, 2017.

## III. Defendant's Request For a Refund of Paid Fines and Fees

In both of the above-described cases, defendant in September 2022 filed a letter with the trial court (1) asserting that the fines and assessments he previously paid were "invalid" in light of reduction of the felonies to misdemeanors, and (2) requesting that the amounts he paid be refunded to him (by

3

crediting those amounts to pay his other outstanding fines and assessments in his prison account).

The trial court construed the letters as motions, and denied each of them.

## IV. Appeal

Defendant filed timely notices of appeal to each denial. Those appeals were initially routed to the appellate division of the superior court because the underlying offenses had been redesignated as misdemeanors. However, the appellate division transferred both appeals to this court after realizing that the cases had originally been charged as felonies. We subsequently consolidated the two separate appeals.

## DISCUSSION

Defendant argues that the trial court erred in denying his request for a refund of the fees and assessments he paid. His argument lacks merit for two reasons.

First and foremost, we lack jurisdiction to entertain this appeal. An appellate court must dismiss an appeal when the trial court lacked jurisdiction to entertain the order being appealed. (*People v. King* (2022) 77 Cal.App.5th 629, 639-640; *People v. Hodges* (2023) 92 Cal.App.5th 186, 190; *People v. Burgess* (2022) 86 Cal.App.5th 375, 381; *People v. E.M.* (2022) 85 Cal.App.5th 1075, 1085.) Here, the trial court lacked jurisdiction to entertain defendant's motions for a refund of fees and assessments. That is because no procedural vehicle exists by which defendant could seek a refund of his fees and assessments. (*People v. Escobedo* (2023) 95 Cal.App.5th 440, 448 [requiring a ""“specific statutory avenue[]”"" for relief]; *Burgess*, at p. 381.) A petition for a writ of habeas corpus is unavailable to defendant because he is no longer in custody on the 2006 and 2013

4

convictions. (§ 1473; cf. *People v. Villa* (2009) 45 Cal.4th 1063, 1069 ["custody" includes probation, parole, or a fine under penalty of imprisonment].) A petition for relief under section 1473.7 is unavailable to defendant because that statute only provides a vehicle for out-of-custody defendants on specified grounds, and because a request for a refund of paid fees and assessments is not one of those grounds. (§ 1473.7, subd. (a).) A petition for relief under section 1170.18 itself is unavailable to defendant because he already petitioned and obtained relief under that provision back in 2017; section 1170.18 provides no vehicle for subsequent petitions. All defendant is left with are his "freestanding motion[s]," but such motions are "not a proper procedural [vehicle] to seek relief." (*King*, at p. 640; *Escobedo*, at pp. 448-449.)[3] Because *defendant* lacked a procedural vehicle, *the trial court* lacked jurisdiction, and hence, so do we; this appeal must therefore be dismissed.[4]

---

[3] Although *People v. Codinha* (2023) 92 Cal.App.5th 976, 985 parted ways with this authority by holding that a trial court may entertain a freestanding motion to correct an unauthorized sentence, defendant here provides no authority for the proposition that the imposition of fees and assessments attendant to a felony conviction that was authorized at the time somehow becomes unauthorized when the felony offense is redesignated as a misdemeanor. As discussed in the text below, the law seems to the contrary.

[4] To the extent defendant on appeal is seeking to appeal the trial court's denial of his 2013 habeas corpus petition challenging the prison officials' failure to grant him access to various records, we also dismiss that appeal because an order denying habeas corpus relief cannot be appealed in a noncapital case. (*Robinson v. Lewis* (2020) 9 Cal.5th 883, 895.)

Second, defendant's motions for a refund lack merit even if we were to entertain his appeals.

As a threshold matter, the *factual* premise of defendant's entire argument is incorrect. Defendant suggests that, once his convictions were reduced from felonies to misdemeanors, he would not have been obligated to pay *any* fines or assessments. He is wrong. The court security assessment and criminal conviction assessments apply to *both* misdemeanors and felonies (Pen. Code, § 1465.8; Gov. Code, § 70373); because defendant remains convicted of misdemeanors, he still owed those assessments. The parole revocation fine for the 2006 conviction was *stayed*, so defendant never paid it (and thus is not entitled to a refund of an amount he never paid). And a restitution fine is also owed for misdemeanors, albeit at half the amount as for felonies—so defendant would at most be entitled to a refund of a total of $240—that is, $100 (one half the $200 fine) for the 2006 conviction and $140 (one half of the $280 fine) for the 2013 conviction.

Further, the *legal* premise of defendant's argument is unsupported. Defendant broadly asserts that "due process" and the "Excess [*sic*] Fines" clause of the Eighth Amendment entitle him to a refund, while simultaneously and freely admitting that he can find no statutory or decisional basis for his assertions. Nor have we found any. The statute that provides for the redesignation of certain felony offenses to misdemeanors—section 1170.18—does not provide for a complete resentencing (which might include a recalculation of fines and assessments) when, as here, the felony sentence "has [been] completed." (§ 1170.18, subds. (f) & (g).) Although that statute also provides that a redesignated offense "shall be considered a misdemeanor for all

6

purposes" (*id.*, subd. (j)), it does not expressly provide for a refund of previously paid fines and assessments. This "misdemeanor for all purposes" language is not a panacea that completely hits the reset button: In *In re C.B.* (2018) 6 Cal.5th 118, 129, for example, our Supreme Court held that the redesignation of a felony as a misdemeanor did not entitle a defendant to have his DNA expunged from the statewide database (even though the DNA was initially entered because the offense was initially a felony), because the collection of the DNA sample was effectively a "done deal" and nothing in section 1170.18 required expungement. *In re C.B.*'s logic applies with equal force here. Any fines or assessments defendant already paid are a "done deal," and nothing in section 1170.18 mandates their refund. What is more, because our Legislature has in other circumstances explicitly addressed the issue of whether a defendant must pay outstanding fines and assessments after the repeal of those fines and assessments (*People v. Lopez-Vinck* (2021) 68 Cal.App.5th 945, 949-954), we must give effect to our Legislature's silence with regard to unpaid or already paid fees when relief is granted under section 1170.18 (*People v. Trevino* (2001) 26 Cal.4th 237, 242 [Legislature's use of different language in different provisions addressing the same subject connotes a different meaning]).

The authority defendant *does* provide is irrelevant. He cites *Nelson v. Colorado* (2017) 581 U.S. 128, but *Nelson* holds that a defendant is entitled to a refund of criminal fines and fees when his convictions are vacated (*id.* at p. 130); *Nelson* does not help defendant because his convictions were not vacated—they were redesignated as misdemeanors. Defendant also cites section

7

1297, but that statute provides for a refund of money a defendant himself puts up for bail; the issue here is not bail.  (§ 1297.)

## DISPOSITION

For all these reasons, we dismiss this appeal.

<u>NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS</u>.


_____, J.
HOFFSTADT


We concur:


_____, P. J.
LUI


_____, J.
CHAVEZ

8