Filed 12/29/17

**CERTIFIED FOR PUBLICATION**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIRST APPELLATE DISTRICT

DIVISION TWO

| | |
|---|---|
| GREGORY DAVIS,<br><br>        Petitioner,<br><br>v.<br><br>SUPERIOR COURT OF SOLANO COUNTY,<br><br>        Respondent;<br><br><br>THE PEOPLE,<br><br>        Real Party in Interest | A152296<br><br>(Solano County<br>Super. Ct. No. FCR325286) |

Petitioner Gregory Davis, while in custody, waived his right to a preliminary hearing within 10 court days and 60 days of entering his plea. On the day scheduled for his preliminary hearing, the court declared a doubt as to Davis's mental competence and criminal proceedings were suspended. Nearly six months later, on June 26, 2017, Davis was found competent, criminal proceedings were reinstated, and the court reset the preliminary hearing for August 4, 2017. Davis objected to the setting of the preliminary hearing and requested a hearing within 10 court days of the reinstatement of criminal proceedings, citing Penal Code section 859b, which governs the setting of dates for preliminary hearing. When the court denied Davis's request and his subsequent motion to dismiss the case under section 859b for failure to hold the preliminary hearing within 10 court days from the reinstatement of criminal proceedings, Davis petitioned this court for a writ of mandate. We conclude that the superior court erred in denying the motion to dismiss.

1

## FACTUAL AND PROCEDURAL BACKGROUND

On October 24, 2016, Davis was charged with two counts of human trafficking (Pen. Code, § 236.1, subd. (c)(1))[1] and two counts of pandering (§ 266i, subd. (a)(2)). He entered not guilty pleas at the time of arraignment and did not waive time for preliminary hearing. On November 3, 2016, he waived his right to a preliminary hearing within 10 court days and within 60 days. On November 10, 2016, he requested to withdraw his time waiver, which the court apparently denied, and the preliminary hearing was set for December 23, 2016.

On December 21, 2016, Davis was arraigned on an amended felony complaint and entered a not guilty plea, and the December 23 preliminary hearing date was confirmed. But on December 23, the preliminary hearing did not go forward because criminal proceedings were suspended under section 1368 when the court declared a doubt as to Davis's competency to proceed.

About six months later, on June 26, 2017, criminal proceedings were reinstated after the court ruled that Davis was competent, and a preliminary hearing was set for August 4, 2017. Davis did not personally waive time for the preliminary hearing on June 26.

At a subsequent court appearance on July 6, 2017, Davis objected to setting the preliminary hearing on August 4, arguing that notwithstanding his prior waiver of his right to have a preliminary hearing within 10 court days and 60 days, made *before* criminal proceedings were suspended, he was now entitled by section 859b to a preliminary hearing within the 10 court days from the reinstatement of criminal proceedings. Defense counsel represented that Davis "is very much wanting his case to proceed as soon as possible" within the 10 court days from June 26. The court ordered that the preliminary hearing would be held within 60 days of June 26 (which encompassed the previously scheduled hearing date of August 4), but denied Davis's

---

[1] All further statutory references are to the Penal Code unless otherwise indicated.

2

request for an earlier setting, because "I don't think he's entitled to 10 days because he waived them, and the suspension of criminal proceedings didn't change that."

On July 14, 2017, Davis moved to dismiss the complaint under section 859b for failure to have his preliminary hearing within 10 court days from the date criminal proceedings were reinstated. The court denied the motion.

This timely request for extraordinary writ followed. We issued an alternative writ of mandate ordering the court to set aside and vacate its order of July 14, 2017 denying the motion to dismiss or to show cause why a peremptory writ of mandate should not issue. The trial court declined to dismiss the case.

## DISCUSSION

The issue presented in this writ is a question of law that we review de novo. Does section 859b require that a preliminary hearing for a defendant in custody be held within 10 court days after reinstatement of criminal proceedings if the defendant had entered a time waiver before criminal proceedings were suspended?

*Section 859b*

Section 859b governs the setting of preliminary hearings. It provides in pertinent part:

"Both the defendant and the people have the right to a preliminary examination at the earliest possible time, and unless both waive that right or good cause for a continuance is found as provided for in Section 1050, the preliminary examination shall be held within 10 court days of the date the defendant is arraigned or pleads, whichever occurs later, *or* within 10 court days of the date criminal proceedings are reinstated pursuant to Chapter 6 (commencing with Section 1367) of Title 10 of Part 2.[2]

"Whenever the defendant is in custody, the magistrate shall dismiss the complaint if the preliminary examination is set or continued beyond *10 court days* from the time of the arraignment, plea, or reinstatement of criminal proceedings pursuant to Chapter 6 (commencing with Section 1367) of Title 10 of Part 2, and the defendant has remained in

_____

[2] This is a reference to mental competency determinations.

3

custody for *10 or more court days* solely on that complaint, unless either of the following *occur*:

"(a) The defendant personally *waives* his or her right to preliminary examination within *the 10 court days*.

"(b) The prosecution establishes good cause for a continuance beyond the 10-court-day period."  (§ 859b, emphasis added.)

"The well-settled objective of statutory construction is to ascertain and effectuate legislative intent.  (*People v. Trevino* (2001) 26 Cal.4th 237, 240; *People v. Gardeley* (1996) 14 Cal.4th 605, 621.)  To determinate that intent, we turn first to the words of the statute, giving them their usual and ordinary meaning.  (*Trevino*, at p. 241; *Trope v. Katz* (1995) 11 Cal.4th 274, 280.)  When the statutory language is clear, we need go no further.  If, however, the language supports more than one reasonable interpretation, we look to a variety of extrinsic aids, including the objects to be achieved, the evils to be remedied, the legislative history, the statutory scheme of which the statute is a part, and contemporaneous administrative construction, as well as questions of public policy.  [Citations.]"  (*In re Derrick B*. (2006) 39 Cal.4th 535, 539-540.)

The words of the statute support Davis's position.  For purposes of our analysis, there are two categories of triggering events in this part of section 859b:  one is arraignment and plea[3]; the other is reinstatement of criminal proceedings.  Although

---

[3] The relative timing of arraignment and plea ("whichever is later") is not at issue in the matter before us, so we group them together for this analysis.  We acknowledge that their relative timing can have significance, as in *People v. Figueroa* (2017) 11 Cal.App.5th 665.  There the defendant waived arraignment, and the following month (before he entered a plea) the trial court declared a doubt and suspended criminal proceedings.  Seven months later, criminal proceedings were reinstated.  Having yet to enter a not guilty plea, he personally waived his 60-day time limit for preliminary hearing.  More than two weeks later, on April 10, 2014, he finally pleaded not guilty, at which time he personally waived the 10-court-day time limit.  A preliminary hearing was set for April 25, 2014, but that date was vacated and eight continuances followed.  When October 2015 came around and still no preliminary hearing had been conducted, Figueroa moved to dismiss the complaint on the ground that he had never personally waived his right to a preliminary hearing within 60 days of his April 10, 2014, not guilty plea.  The

4

suspension and reinstatement of criminal proceedings are events that do not typically occur in a criminal case, section 859b explicitly addresses the timing of a preliminary hearing if they do.

Each of these two categories of triggering events entitles a defendant in custody to a preliminary hearing within 10 court days, absent a personal time waiver, and a dismissal of the complaint if the preliminary hearing does not occur. The words and structure of the statute lead us to conclude that, if criminal proceedings are suspended, the relevant personal time waiver is one made *after* criminal proceedings are reinstated.

The statute uses the present tense, not the past tense. The preliminary hearing can be held beyond the 10-court-day period after criminal proceedings are reinstated if the defendant "personally waives his or her right to preliminary examination" or the prosecution "establishes good cause for a continuance." (§ 859b.) If the Legislature intended to limit mandatory dismissal to defendants who had not waived time prior to the suspension of criminal proceedings, the statute would have to refer to events that had occurred in the past: that is, unless the "defendant personally *waived* his or her right to preliminary examination." But this language, of course, is not in the statute.

Further, section 859b, subdivision (a) refers to a specific 10-court-day period when the personal time waiver occurs as "*the* 10 court days." (Emphasis added.) The temporal significance of this phrase is apparent when we read the statute for guidance as to the procedure to be followed after reinstatement of court proceedings:

"Whenever the defendant is in custody, the magistrate shall dismiss the complaint if the preliminary examination is set or continued beyond 10 court days from the time of . . . reinstatement of criminal proceedings [after a mental competency determination], and the defendant has remained in custody for 10 or more court days solely on that complaint,

---

trial court agreed and dismissed the complaint under section 859b. The Court of Appeal affirmed, writing that any purported 60-day waiver by Figueroa after criminal proceedings were reinstated was ineffective because he had yet to enter his not guilty plea; the later not guilty plea was the "triggering event." (*Id.* at p. 670.)

unless . . . [¶] . . . [t]he defendant personally waives his or her right to preliminary examination *within the 10 court days*." (§ 859b, subd. (a), emphasis added.)

When criminal proceedings have been suspended, the phrase "[t]he 10 court days" logically can only refer to the 10 days since reinstatement of criminal proceedings.

The Attorney General does not grapple with the plain language of the statute.[4] Instead he argues that legislative history supports the view that the provisions of section 859b governing reinstatement of criminal proceedings do not apply where there is a pre-suspension time waiver. The Attorney General's argument is underpinned by his reliance on *People v. Love* (2005) 132 Cal.App.4th 276, 285 (*Love*), so we address that case first.

In *Love*, an out-of-custody defendant waived her right to have a preliminary hearing within 10 court days and 60 days of her plea. She then failed to appear at a setting conference and the court issued a bench warrant for her arrest. Five months after her initial plea, Love appeared in custody, and her preliminary was held 15 days thereafter. Love argued she was entitled to a dismissal under the statute after she reappeared in custody and her preliminary hearing was not conducted within 10 court days, all this despite the fact that she had earlier entered time waivers. The trial court agreed and dismissed the complaint. The Court of Appeal examined section 859b and reversed, writing that "[t]he Legislature has never codified a provision imposing a 10-court-day limit for defendants who, having previously waived time, find themselves in custody after a failure to appear. Nor has the Legislature created a provision for the withdrawal of properly entered waivers." (*Love*, *supra*, 132 Cal.App.4th at p. 285.) In so

---

[4] The Attorney General also contends that the writ should be denied because Davis presented an inadequate record and forfeited his right to a speedy preliminary hearing. We have an adequate record to decide the narrow issue before us. We do not need transcripts from the December 7 and December 21, 2016 hearings; Davis does not dispute that he entered personal 10- and 60-day time waivers on November 3, 2016, before criminal proceedings were suspended. Nor do we find that the issue was forfeited; as we have described the undisputed procedural facts, Davis objected to the August 4, 2017 preliminary hearing date, requested a preliminary hearing within 10 court days of June 26, 2017, while still within the 10-court-day period, and did not enter a personal time waiver after criminal proceedings were reinstated.

holding, the *Love* court contrasted section 859b with section 1382, the speedy trial statute, which "specifically addresses both circumstances." (*Ibid.*) Section 1382 provides that a defendant must be brought to trial within 60 days of arraignment or reinstatement of criminal proceedings, allows a defendant to enter a general waiver of the 60-day requirement, *and* specifically permits a defendant to withdraw the time waiver, on notice to all parties. (§ 1382, subd. (a)(2)(A).) Further, section 1382 specifically addresses the contingency where a defendant who "has been ordered to appear in superior court on a felony case set for trial or set for a hearing prior to trial after being held to answer" fails to appear and a bench warrant issues; that defendant "shall be brought to trial within 60 days after the defendant next appears in the superior court unless a trial date previously had been set which is beyond that 60-day period." (§ 1382, subd. (b).)

Concluding that the Legislature did not insert "similar provisions in section 859b," the court in *Love* thus declined defendant's request to " 'recogniz[e] the requirement of a new personal waiver under 859b for defendants who come into custody on a bench warrant, having previously waived time while out of custody.' " (*Love*, *supra*, 132 Cal.App.4th at p. 286.) This, the *Love* court held, was for the Legislature. (*Ibid.*)

The Attorney General relies on *Love* for the proposition that Davis's claim here must fail because there is no mechanism by which a general time waiver can be withdrawn. Davis argues that the issue here is not whether a defendant may withdraw a validly entered personal time waiver for preliminary hearing in the abstract, or whether section 859b vitiates a validly entered personal time waiver. The issue is simply whether section 859b requires a preliminary hearing to be held within 10 court days after reinstatement of criminal proceedings unless defendant personally waives his right to the examination within the 10 court days after criminal proceedings are reinstated. We agree with Davis's framing of the issue.

*Legislative History*

In support of his position, the Attorney General directs us to the legislative history of the 1996 amendments to section 859b that added the provisions governing the time for

7

a preliminary hearing after a mental competency determination.[5] (Assem. Bill No. 2254 (1995-1996 Reg. Sess.).) Existing law did not address the consequences of reinstatement of criminal proceedings after a mental competency determination. Assembly Bill No. 2254 proposed to change that. As pertinent here, the Assembly Committee on Public Safety described existing law, contrasted it with the bill as then proposed, and underscored the new concepts: "This bill provides that the preliminary examination shall be held within 10 court days of the date the defendant is arraigned or pleas [sic], whichever occurs later, <u>or within 10 court days of the date criminal proceedings are reinstated after a determination of the defendant's mental competence.</u>" And as to dismissing a complaint if the preliminary hearing is held beyond 10 court days, the analysis went on to state: "This bill provides that whenever the defendant is in custody, the magistrate shall dismiss the complaint if the preliminary examination is set or continued beyond 10 court days from the time of the arraignment, plea, <u>or reinstatement of criminal proceedings after a determination of the defendant's mental competence</u> and the defendant has remained in custody for 10 or more court days solely on that complaint, unless the defendant waives his or her right to preliminary examination with the 10 court days or the prosecution establishes good cause for a continuance." (Assem. Com. on Public Safety, Rep. on Assem. Bill No. 2254 (1995-1996 Reg. Sess.) as introduced, p. 2.)

According to the bill's author, the "Need for the Bill" was to address the problem that arises when a doubt is raised about a defendant's mental competence to stand trial at or near the expiration of the 60-day period after arraignment, and the defendant is deemed competent to stand trial with only a few days remaining prior to the expiration of the 60 days (a requirement established by § 1382, and not at issue in this writ). The bill's author perceived that this situation required the district attorney to keep witnesses under subpoena for the entire period of evaluation, and required the court to find an available trial court room at the last minute. The bill would "correct these problems by providing a

_____

[5] We grant the Attorney General's unopposed request for judicial notice of three items from the legislative history of Assembly Bill No. 2254.

new 60-day period to begin running upon a defendant's return to court upon a finding of competency." (Sen. Com. on Criminal Procedure, Rep. on Assem. Bill No. 2254 (1995-1996 Reg. Sess.), p. 3.) In actuality, however, the bill did more than address the time for trial. It also addressed the timing for preliminary hearings. As the same Senate Committee report explains, "This bill provides that when the competency of a defendant is evaluated and then proceedings are reinstated, *the original timelines begin again*. Thus, when criminal proceedings are reinstated after a competency hearing, the preliminary hearing must be within 10 court days (if it has not already occurred) and the trial must be brought within 60 days from the date of the reinstatement." (*Id*. at pp. 3-4, emphasis added.)

The legislative history does not change our reading of the statutory language. After the amendments in 1996, section 859b was no longer silent on the issue of what happens in the event criminal proceedings are suspended and reinstated. Although the amendments were apparently motivated by the prosecution's need for sufficient time to prepare for a preliminary hearing (and trial) after reinstatement of criminal proceedings, the statute is written to require that the preliminary hearing be set within "10 court days" from the reinstatement of criminal proceedings with the consequence of dismissal absent the defendant's personal waiver "within the 10 court days." (§ 859b, subd. (a).)

### There Is No Conflict with the Opinion in Love

The Attorney General argues that the legislative history shows that section 859b gives prosecutors more time to hold a preliminary hearing, but does not "upset the default rule that a valid time waiver, once entered, cannot be undone." The Attorney General cites a leading treatise as stating that "[o]nce the 60-day rule is waived, it is waived forever." (Cal. Criminal Law: Procedure and Practice (Cont.Ed.Bar 2017) Timing of Preliminary Hearing, § 8.16, p. 184 (CEB Treatise).) But the treatise's citation is in a practice "note" that addresses the situation described in *Love* where a defendant comes into custody on a bench warrant after having previously waived time while out of custody; this section of the CEB treatise does not purport to address the reinstatement of criminal proceedings.

Further, the Attorney General raises the specter that granting this writ will create an "intra district conflict" with Division Three's opinion in *Love.* To the contrary, our decision here is in complete harmony with the well-reasoned opinion in *Love*. The facts of *Love* are not at all like this case. The Court of Appeal in *Love* was addressing a situation where the statute was silent on the very issue the court faced, and where the Legislature, in a related statute, had addressed the speedy trial rights of a defendant who failed to appear. Moreover, any concern that a defendant such as Love (who was appearing in custody after she had failed to appear while on her own recognizance and absented herself from court process for several months) would be subject to indefinite custody while awaiting trial was mitigated by the fact that while her "circumstances fall outside the statute [section 859b], she nevertheless retains her state constitutional speedy trial right." (*Love*, *supra*, 132 Cal.App.4th at p. 286.) Here, by contrast, defendant did not fail to appear. The trial court declared a doubt as to his competence, criminal proceedings were suspended, and then after a hearing reinstated. Section 859b is not silent on this issue, and the Legislature has provided the statutory process that the trial court was bound to follow.[6]

### DISPOSITION

Let a peremptory writ of mandate issue directing respondent superior court to set aside and vacate its order of July 14, 2017, denying defendant's motion to dismiss case No. FCR325286 against him, pursuant to section 859b, for failure to hold a preliminary hearing within 10 court days from the date that criminal proceedings were reinstated on June 26, 2017, and to thereafter enter a new order dismissing the complaint. The previously issued stay shall dissolve upon issuance of the remittitur.

---

[6] The Attorney General contends that we need not be concerned that denying the writ would expose defendant to "irremediable, infinite pre-preliminary hearing delay," because defendant still retains his state constitutional speedy trial right and can challenge post-accusation delay by showing the prejudice he was suffered as a result of the delay. In light of our conclusion that section 859b mandates dismissal of the complaint in this case, we need not address this argument.

10

_____

Miller, J.

We concur:

_____

Kline, P.J.

_____

Stewart, J.

A152296, *Davis v. Superior Court*

11

Trial Court:  Superior Court of Solano County

Trial Judge:  Hon. John B. Ellis


Attorneys for Petitioner

Lesli Caldwell
Solano County Public Defender
Wendy Casas-Raviotta
Deputy Public Defender

Attorneys for Real Party in Interest

Xavier Becerra
Attorney General
Gerald A. Engler
Chief Assistant Attorney General
Jeffrey M. Laurence
Senior Assistant Attorney General
Eric D. Share
Supervising Deputy Attorney General
Leif M. Dautch
Deputy Attorney General

A152296, *Davis v. Superior Court*