Filed 6/3/21  P. v. Smith CA4/2

## NOT TO BE PUBLISHED IN OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b). This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FOURTH APPELLATE DISTRICT

## DIVISION TWO

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Appellant,<br><br>v.<br><br>ANTONIO DEWARN SMITH,<br><br>    Defendant and Respondent. | E075298<br>consolidated with E075348<br><br>(Super.Ct.Nos. FVI19000121 &<br>FVI19000911)<br><br>OPINION |

APPEAL from the Superior Court of San Bernardino County. Michael A. Camber, Judge. Affirmed.

Jason Anderson, District Attorney, Robert P. Brown and Eric M. Ferguson, Deputy District Attorneys for Plaintiff and Appellant.

Richard Power and Micah R. Reyner, under appointment by the Court of Appeal, for Defendant and Respondent.

In this appeal, the People challenge the trial court's dismissal of two criminal complaints against Antonio Dewarn Smith under Penal Code section 859b.[1] The court dismissed the complaints because Smith didn't receive a preliminary hearing within the time period he agreed to when he waived the 60-day deadline in that provision. The People contend there can be no "limited" waiver of the 60-day deadline, only a general one that gives up the deadline entirely. Thus, they argue Smith's waiver to a specific date was in fact a general waiver that allowed the court to set the preliminary hearing later than he had authorized upon a finding of good cause under section 1050. According to the People, the circumstances surrounding the COVID-19 pandemic at the time supplied the good cause necessary for continuing the hearing.

We recently addressed these issues in *Favor v. Superior Court* (2021) 59 Cal.App.5th 984 (*Favor*), where we concluded the 60-day deadline has no good cause exception and enforced a limited waiver of the 60-day preliminary hearing deadline. Following our holding in *Favor,* we conclude the court correctly interpreted section 859b, and we affirm.

# I

## FACTS

This consolidated appeal involves two complaints filed against Smith: the first complaint charged Smith with three felonies (felon in possession of a firearm, possession of a controlled substance for sale, and child endangerment) (case No. FVI19000121); the

---

[1] Unlabeled statutory citations refer to the Penal Code.

second charged him with an additional count of felon in possession of a firearm (case No. FVI19000911). Smith was arraigned on the first complaint on March 21, 2019, and pled not guilty to all three charges. The court set his preliminary hearing for April 3, 2019.

The following day, the district attorney filed the second complaint. Smith pled not guilty, and the court set a joint preliminary hearing on both complaints for April 15, 2019. On April 8, the court vacated the joint preliminary hearing and noted the last day to begin the hearing, the "60th day," was June 3, 2019.

Over the next several months, Smith made a series of limited waivers. He entered his last waiver on January 8, 2020, agreeing to a preliminary hearing that began on April 30, 2020 at the latest. On February 27, the court set the joint preliminary hearing for April 7.

On April 2, the court vacated the April 7 hearing, citing an emergency order issued by the Chief Justice of California extending certain court deadlines in response to the COVID-19 pandemic. On April 24, the court set the joint preliminary hearing for April 30 and ordered the district attorney to give notice to Smith.

On April 28, the prosecution asked the court to find good cause to continue the preliminary hearing. The court refused to do so at that time, finding the district attorney had failed to give Smith notice as ordered. The court confirmed the April 30 preliminary hearing and said it would address the prosecution's good cause arguments at that time.

On April 30, counsel appeared before the court. Defense counsel informed the court that Smith wasn't on the list of people allowed to enter the court that day. He said

3

he wasn't sure if his client had shown up and tried to enter the courthouse or not, but if he had, he would have been turned away. Defense counsel also asked the court to dismiss the complaints under section 859b because they had reached the last day to hold the joint preliminary hearing. The prosecution objected that Smith could enter only a general (or complete) waiver of the 60-day deadline and that the ongoing COVID-19 pandemic constituted good cause for a continuance.

The court took the arguments under submission, reconvened the following day, and dismissed the complaints on the ground that Smith had entered a limited time waiver and the deadline he had agreed to had passed. The court also stated for the record that, for purposes of refiling the complaint under section 1387, it was finding the COVID-19 pandemic constituted good cause to hold the joint preliminary hearing after April 30. The court noted the prosecution had "two shots" to file the complaints under that provision. The People appealed.

## II

## DISCUSSION

The People argue the trial court erred by following *Garcia v. Superior Court* (2020) 47 Cal.App.5th 631 (*Garcia*), which held that a defendant may enter a limited waiver of the 60-day deadline in section 859b, one that is expressly conditioned on the preliminary hearing being held by a certain date. The People argue *Garcia* "rests on very questionable logic, and should not be followed." They contend section 859b authorizes

only general waivers, and in any event, there was good cause to continue the hearing. We disagree.

A defendant arrested and arraigned on a felony complaint is entitled to a preliminary hearing, the purpose of which "is to determine whether there is probable cause to conclude that the defendant has committed the offense charged." (*Galindo v. Superior Court* (2010) 50 Cal.4th 1, 8.) Section 859b governs the timing of the preliminary hearing and "establishes the statutory right, of both the People and the defendant, to [obtain one] at the earliest possible time." (*Ramos v. Superior Court* (2007) 146 Cal.App.4th 719, 727-728 (*Ramos*).) This right is supplementary to, and a construction of, the constitutional right to a speedy trial. (*People v. Standish* (2006) 38 Cal.4th 858, 870.)

Section 859b contains two deadlines: a 10-day and a 60-day. In general, a defendant's preliminary hearing must be held within 10 court days of the date they are arraigned or plead, whichever occurs later. (§ 859b.) The court must dismiss the charges if the defendant is in custody and the hearing does not occur within that time, unless one of the following two exceptions applies. (*Ibid.*) The defendant may "personally waive[ ]" their right to an examination within 10 court days or the prosecution may "establish[ ] good cause" for a continuance beyond that period. (*Ibid.*)

This case concerns the second, or outer, deadline of 60 days. Section 859b provides that if the preliminary hearing "is set or continued more than 60 days from the date of the arraignment," the court "shall dismiss the complaint." (§ 859b.) There is only

5

one exception to the 60-day deadline and that is when "the defendant personally waives [their] right to a preliminary examination within the 60 days." (*Ibid.*)

In contrast to the 10-day deadline, the 60-day contains no good cause exception. (*Ramos*, *supra*, 146 Cal.App.4th at p. 731.) "The 60-day limit protects the right to a speedy preliminary hearing by ensuring that, even with good cause, the hearing may not be continued indefinitely. [Citation.] It also ensures that criminal cases are moved expeditiously through the courts." (*Favor*, *supra*, 59 Cal.App.5th at p. 990, citing *People v. Figueroa* (2017) 11 Cal.App.5th 665, 675.)

After briefing in this appeal was complete, our division decided *Favor*, in which we agreed with *Garcia* that a defendant may enter a limited waiver of the 60-day deadline in section 859b. We explained that a defendant may waive the 60-day deadline in two ways. They may enter a general waiver, which has the effect of giving up any deadline for the preliminary hearing, or they may enter what is commonly referred to as a "limited" waiver, which has the effect of extending the deadline to a later date. (*Favor*, *supra*, 59 Cal.App.5th at pp. 990-991.) We acknowledged that section 895b's reference to a "personal waive[r]" does not distinguish between the concepts of general and limited waivers, but explained that "a criminal statute's silence as to the right to waive a deadline does not preclude a defendant from agreeing to a general or limited waiver." (*Favor*, at pp. 990-991.)

This is because the "ability to effect a limited waiver of statutory rights is embedded elsewhere in the law." (*Favor*, *supra*, 59 Cal.App.5th at p. 991.) "In both civil

6

and criminal cases, it is 'well-established' that litigants may waive statutory rights, unless such a waiver is contrary to public policy. [Citations.] This rule has been applied to statutory provisions that include no express discussion of waiver. Moreover, it has been applied to allow not only general waivers, but also limited waivers. For example, a defendant may make a limited waiver of the section 1191 statutory deadline for pronouncing a judgment after guilty plea by requesting a continuance of that deadline to a different date, even though there is no waiver provision in section 1191." (*Ibid.*)

We also concluded that allowing a limited waiver of the 60-day deadline was not contrary to public policy. "The People's construction of the statute would put the parties and the court to an *all or nothing choice*: either the defendant refuses to waive the 60-day outer limit for a preliminary hearing, or the defendant waives it entirely, so the preliminary hearing could be continued indefinitely for good cause. This is, on its face, counterproductive to the efficient administration of justice. In situations where both parties and the court wish to extend the deadline to accomplish some needed purpose, the defendant would have to refuse to waive the deadline to maintain any outer limit on when the preliminary hearing would be held. We are certain that trial courts, defendants, and (on at least some occasions) prosecutors would prefer the flexibility to offer the defendant a limited waiver as an option instead. Additionally, by allowing the defendant to agree to an extended—but nevertheless firm—deadline, limited waivers of the statutory preliminary hearing deadlines also preserve defendants' constitutional right to a

7

speedy trial, and ensure cases continue to move expeditiously through the courts."
(*Favor*, *supra*, 59 Cal.App.5th at p. 992, italics added.)

The day before we issued our opinion in *Favor*, the Second District, Division Seven issued *People v. Superior Court (Arnold)* (2021) 59 Cal.App.5th 923, in which they reaffirmed their holding in *Garcia* and enforced a limited waiver of the 60-day deadline. Here, as in *Favor*, *Garcia*, and *Arnold*, Smith waived the 60-day deadline in a limited manner. He agreed his joint preliminary hearing could begin after the initial 60-day period, but no later than April 30, 2020. As we've seen, the hearing did not take place on or before that date, and as a result, the trial court was obligated to dismiss the complaint under section 859b.

The People are incorrect that the court could have found good cause to continue the hearing. It is well settled the 60-day deadline does not have a good cause exception. (E.g., *Ramos*, *supra*, 146 Cal.App.4th at pp. 722-723,731-732 [there is no good cause exception to the 60-day rule and the procedure for finding good cause set out in section 1050 does not apply to section 859b]; *Lacayo v. Superior Court* (2020) 56 Cal.App.5th 396, 400 ["the 60-day rule is absolute and there is no good cause exception to the rule"].) But, as *Ramos* explained, section 1387 mitigates the impact of section 859b's mandatory dismissal by providing that a good-cause finding prevents the dismissal from operating as a bar to further prosecution. (*Ramos*, at p. 732.) Section 1387 allows for felony charges to be refiled once as a matter of right and more than once under certain circumstances. (*People v. MacKey* (1985) 176 Cal.App.3d 177, 181; see also *Miller v. Superior Court*

8

(2002) 101 Cal.App.4th 728, 739 [section 1387 "sets forth what is sometimes referred to as the 'two-dismissal rule': Two dismissals of a felony action bars further prosecution, except in certain specified circumstances"].) This is undoubtedly what the court had in mind when it said the prosecution had "two shots" to file the complaints against Smith.

The People make a textual argument in this case that they didn't raise in *Favor*. Pointing out that section 859b uses the word "the" when referring to a defendant's ability to personally waive their right to a preliminary hearing "within *the* 60 days," they argue the use of a definite article demonstrates there is *only one* 60-day period that can be waived—the one following arraignment or plea. Once that period of time is waived, the defendant loses the right to enforce a specific deadline, as well as the remedy of dismissal. Instead, they argue, the defendant may object to any further continuance, and the court will determine whether good cause exists under section 1050 to continue the hearing.

While we agree the phrase "within the 60 days" refers to the initial 60-day period after arraignment or plea, we don't see how the use of a definite article precludes a limited waiver. *Any* waiver, general or limited, would have to be entered within the first 60 days for it to operate as a waiver. As we read it, "the" simply refers to the initial period defined earlier in the provision, it does not speak to whether a defendant may enter a limited waiver.

The People argue *Davis v. Superior Court* (2017) 18 Cal.App.5th 1061 (*Davis*), a case interpreting the 10-day rule in section 859b, supports their interpretation of the word

9

"the" in this context. We disagree. In *Davis*, the People argued that section 859b prohibits an in-custody defendant who had waived their right to a preliminary hearing within 10 days of arraignment or plea *before the proceedings were suspended to evaluate their competency* from making a new determination about waiver once the proceedings are reinstated. In other words, they argued the prior waiver stands, and the defendant has no right to demand a hearing within 10 days of reinstatement of the proceedings. (*Davis*, at p. 1067.) The *Davis* court rejected this view and concluded reinstatement triggers a new 10-day period during which a defendant may choose to waive or enforce their right to a speedy preliminary hearing. (*Id.* at pp. 1066-1067.)

In so concluding, the court disagreed that the "the" in the phrase "unless . . . [t]he defendant personally waives his or her right to preliminary examination *within the 10 court days*"—because it is a definite article—must refer to the initial 10-day period after arraignment or plea. (*Davis*, *supra*, 18 Cal.App.5th at p. 1067.) Taking a more practical approach that harmonized all of the words in the provision, the court concluded the reference to suspending and reinstating proceedings and the present tense of the word "waives" indicate that "the" in the phrase "*the* 10 court days" could "logically . . . only refer to the 10 days since reinstatement of criminal proceedings." (*Ibid.*) Thus, if anything, *Davis* hurts the People's position, as the court rejected the kind of rigid interpretation of "the" they propose here. In the absence of an explicit reference to the type of waiver a defendant may enter, we continue to agree with our reasoning in *Favor* that a defendant may enter either a general or a limited waiver. Applying our holding in

10

that case, we conclude section 859b authorizes limited waivers and the court correctly enforced Smith's.

## III

## DISPOSITION

We affirm.

NOT TO BE PUBLISHED IN OFFICIAL REPORTS


SLOUGH
J.

We concur:


MILLER
Acting P. J.


RAPHAEL
J.