Filed 9/06/16

**CERTIFIED FOR PUBLICATION**

# IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## THIRD APPELLATE DISTRICT

**(Placer)**

**----**

| | |
|---|---|
| Adoption of REED H., a Minor. | C081426 |
| K.M. et al., | (Super. Ct. No. S-AD-03176) |
| Plaintiffs and Respondents, | |
| v. | |
| MARCOS J., | |
| Objector and Appellant. | |

APPEAL from a judgment of the Superior Court of Placer County, Suzanne I. Gazzaniga, Judge. Appeal dismissed.

Law Office of Gradstein & Gorman, Seth F. Gorman and Marc Gradstein for Plaintiffs and Respondents.

Rajender Law Offices and Shyamala T. Rajender for Objector and Appellant.

Marcos J., biological father of the two-year-old minor Reed H., filed a notice of appeal from orders dispensing with his consent to adoption and terminating his parental

1

rights. (Fam. Code, § 7662.)[1] Respondents, the adoptive parents K.M. and E.M., filed a motion to dismiss the appeal as untimely. To resolve the issue, we first examine the statutory authorization to appeal the order dispensing with father's consent, to determine the proper rule to apply in assessing the timeliness of the notice of appeal and then resolve the question of whether the notice of appeal was timely filed.

## FACTUAL AND PROCEDURAL BACKGROUND

Reed H. was born in September 2014. Soon thereafter, his mother, D.H., relinquished her parental rights to an adoption agency. (§ 8700.) In October 2014, the agency filed an adoption request seeking termination of father's parental rights and an ex parte petition to dispense with consent in Santa Cruz County. Marcos J. was identified as the father of Reed H. and was notified of the pending actions. He then filed a petition to establish parental relationship in Santa Cruz County. In December 2014, the prospective adoptive parents filed a petition to terminate parental rights, pursuant to section 7662, in Santa Cruz County. Marcos J. dismissed his petition in Santa Cruz County and filed a new petition to establish parental relationship, pursuant to section 7630, in Placer County. In February 2015, the parties stipulated to transferring all the pending proceedings in Santa Cruz County to Placer County and further stipulated that the various cases be consolidated and that the section 7662 petition be set for trial.

Trial commenced in August 2015 with a stipulation that DNA testing established that Marcos J. is the biological father of Reed H., that he was not present at the child's birth and did not sign a voluntary declaration of paternity. The parties further stipulated that the child had been living with the prospective adoptive parents since birth. The court heard testimony relating to the issues of dispensing with consent, termination of Marcos J.'s parental rights and the best interest of the child. In lieu of oral closing

---

[1] Undesignated statutory references are to the Family Code.

2

arguments, the court took the matter under submission as of October 15, 2015, and set a schedule for the parties to submit written arguments and responses and informed the parties that the court would issue a written ruling thereafter.

The court issued its written ruling December 24, 2015, finding Marcos J. was not a *Kelsey S.* father and it was in the minor's best interest to allow the adoption to proceed.[2] The court ordered that the consent of Marcos J. was not required and that his parental rights were terminated. The court directed counsel for the prospective adoptive parents to prepare an order and judgment for submission to the court upon review by opposing counsel as to the form of the proposed order and judgment within 30 days. The written ruling was served by mail on each party's counsel on December 24, 2015, the same day the ruling was filed.

Petitioners' counsel prepared the proposed order, but due to uncertainties about whether Marcos J.'s counsel continued to represent him or had been discharged, the order and judgment was not filed until January 28, 2016. Marcos J. filed a formal substitution of attorney the same day.

Marcos J. filed a petition for writ of mandate in this court on February 16, 2016, which was denied because he had an adequate remedy by appeal. He then filed a notice of appeal on February 26, 2016 from the January 28, 2016 judgment and order. On April 18, 2016, respondents filed a motion in this court to dismiss the appeal as untimely. Marcos J. opposed the motion. Shortly thereafter, he filed a petition for writ of habeas corpus in this court on May 4, 2016, which was summarily denied on May 19, 2016.

---

[2] *Adoption of Kelsey S.* (1992) 1 Cal.4th 816.

## DISCUSSION

Respondents contend the notice of appeal was untimely because the time for filing the notice began to run from the date of filing and service of the court's written ruling as in juvenile appeals and appeals from termination of parental rights pursuant to section 7800 et seq. (Cal. Rules of Court, rules 8.400, 8.406.)[3] Marcos J. asserts that the time to appeal ran from the date the written judgment and order was filed as in an unlimited civil case. (Rules 8.100, 8.104; Code Civ. Proc., § 88.) To determine whether the notice of appeal was timely, we must first resolve the question of which appellate process applies to actions to dispense with consent by the biological father resulting in termination of his parental rights so that an adoption may proceed. (§§ 7665, 7669.)

Section 7669 states, in pertinent part: "An order requiring or dispensing with an alleged father's consent for the adoption of a child may be appealed from in the same manner as an order of the juvenile court declaring a person to be a ward of the juvenile court and is conclusive and binding upon the alleged father." (§ 7669, subd. (a).) The statutory language itself is generally the most reliable indicator of legislative intent. (*People v. Trevino* (2001) 26 Cal.4th 237, 241.) The language of section 7669 clearly authorizes a right to appeal and provides a separate procedure for appeal from that used in unlimited civil cases by adopting the procedure applicable to juvenile court orders declaring a person to be a ward.

" 'When statutory language is thus clear and unambiguous there is no need for construction, and *courts should not indulge in it*.' " (*Delaney v. Superior Court* (1990) 50 Cal.3d 785, 800.) However here, where Marcos J. argues that section 7669 provides for not merely a right to appeal but a choice of methods of bringing the appeal, a resort to the legislative history of the code section is instructive.

---

[3] Further rule references are to the California Rules of Court.

Section 7669 was first adopted in 1992 when portions of various codes, including the Civil Code, were repealed and reenacted to create the Family Code. (Stats. 1992, ch. 162, §§ 1-10, p. 464.) At that time, former section 7669 was a truncated version of its current form.[4] Section 7669 continued former Civil Code section 7017, first added in 1975 as a part of the Uniform Parentage Act. (Cal. Law Revision Com. com., 29G pt. 1 West's Ann. Fam. Code (2013 ed.) foll. § 7669, p. 427 [see rev. com. and Historical and Statutory Notes, Derivation].) Civil Code section 7017 did not originally contain a provision to allow a father to appeal an order requiring or dispensing with his consent for adoption. (Former Civ. Code, § 7017, subds. (a)-(f), added by Stats. 1975, ch. 1244, § 11, pp. 3200-3201.) A 1977 amendment of Civil Code section 7017 was to allow such an appeal and to specify that the appeal procedures to be used would be the same as those for appeals under Welfare and Institutions Code section 800. (Former Civ. Code, § 7017, subd. (g), as amended by Stats. 1977, ch. 207, § 2, p. 731; see Enrolled Bill mem. to Governor, Assem. Bill No. 994 (1977-1978 Reg. Sess.) June 27, 1977; Cal. Health and Welfare Agency, Enrolled Bill Rep. on Assem. Bill No. 994 (1977-1978 Reg. Sess.), prepared for Governor Edmund G. Brown, Jr. (June 23, 1977); Sen. Com. on Judiciary, com. on Assem. Bill No. 994 (1977-1978 Reg. Sess.) com. 3, p. 3; Assem. Com. on Judiciary, analysis of Assem. Bill No. 994 (1977-1978 Reg. Sess.) [hearing of Apr. 28, 1977] par. 2, p. 2.) The language adopted was identical to the 1992 version of section 7669. (See fn. 4, *ante*, p. 5.)

---

[4] Former section 7669 initially stated: "An order requiring or dispensing with a father's consent for the adoption of a child *may be appealed from in the same manner as an order of the juvenile court declaring a person to be a ward of the juvenile court*." (Added by Stats. 1992, ch. 162, § 10, p. 660, italics added.) The italicized language was briefly removed in error in 2002 and reinstated the next year. (Stats. 2002, ch. 260, § 2, p. 1084; Stats. 2003, ch. 251, § 4, p. 2362; Assem. Com. on Judiciary, analysis of Sen. Bill No. 182 (2003-2004 Reg. Sess.) June 10, 2003, par. 3, p. 2.)

The legislative history leaves no doubt that section 7669 establishes a right to appeal from an order requiring or dispensing with an alleged father's consent and specifies the procedure to be used as that set forth in Welfare and Institutions Code section 800, i.e., wardship proceedings pursuant to Welfare and Institutions Code sections 601 and 602. Thus, section 7669 does not give an appellant a choice of procedures to follow in filing a notice of appeal, but instead requires an appellant to follow the provisions of rules 8.400 through 8.416. Having resolved the question of which process to apply, we now address whether the notice of appeal complied with that process.

The time to file a notice of appeal of an order under section 7669 is specified in rule 8.406, which provides in pertinent part that "a notice of appeal must be filed within 60 days after the rendition of the judgment or the making of the order being appealed" (rule 8.406(a)(1)). In general, in a juvenile case, an oral pronouncement in open court marks the beginning of the time to file a notice of appeal. (*In re Markaus V.* (1989) 211 Cal.App.3d 1331, 1335-1337.) However, there are exceptions to this rule. *Markaus V.* recognized that "where a statute requires a certain form of order, the order is effective only when made in the statutory form." (*Id.* at p. 1337 [statute required that a written order be issued and filed in the family court when the dependency court terminated jurisdiction and entered custody orders].) Thus, time for filing of the notice of appeal did not begin to run until the statutory conditions were satisfied. (*Ibid.*)

Similarly, in *Conservatorship of Ben C.* (2006) 137 Cal.App.4th 689, 695-696, where the court took the matter under submission, issued a written order, which was filed in the action but not served on the parties and the parties were not aware of the order until a later hearing, pronouncement of judgment did not occur until a later hearing where the judge mentioned the order had been filed and was in the court file. The pronouncement

6

of judgment and the time for filing notice of appeal was delayed due to lack of notice to the parties.

From this we conclude that where the court takes the matter under submission and issues a written order which is both filed and served on the parties, the time for filing a notice of appeal runs from the date of service of the written order or other notice to the parties of the ruling.

Here, the court took the case under submission awaiting written closing arguments. The parties were fully aware that the court would issue a written ruling. The court issued its written ruling, which was filed and served on December 24, 2015. Time for filing a notice of appeal expired on February 22, 2016—60 days after the court's ruling was filed and served. Marcos J. did not file his notice of appeal until February 26, 2016.

Marcos J. argues the written ruling contemplated a formal judgment and order, which extended the time for filing a notice of appeal. Because the written ruling served on the parties constituted the "rendition of judgment or making of the order" (rule 8.406(a)(1)), it is immaterial that the judge's ruling directed respondents to prepare an order and judgment. No such document was required by rule or by section 7669 for the December 24, 2015 ruling to be effective.

The notice of appeal was untimely. Appellate jurisdiction depends upon a timely notice of appeal. (*In re Elizabeth G.* (1988) 205 Cal.App.3d 1327, 1331.) The motion to dismiss is granted. All other pending motions are moot.

7

## DISPOSITION

Marcos J.'s request for judicial notice filed July 5, 2016, is denied. The appeal is dismissed.

(*CERTIFIED FOR PUBLICATION*)


                                                  BUTZ          , Acting P. J.


We concur:


      MAURO          , J.


      MURRAY        , J.