Filed 5/20/21  In re Isaac J. CA5

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIFTH APPELLATE DISTRICT

| | |
|---|---|
| In re ISAAC J., a Person Coming Under the Juvenile Court Law. | |
| LASSEN COUNTY CHILD AND FAMILY SERVICES,<br><br>Plaintiff and Appellant,<br><br>v.<br><br>TULARE COUNTY HEALTH AND HUMAN SERVICES AGENCY,<br><br>Plaintiff and Respondent;<br><br>JESSICA J.,<br><br>Defendant and Respondent. | F081934<br><br>(Tulare Super. Ct. No. JJV073103A)<br><br>**OPINION** |

APPEAL from orders of the Superior Court of Tulare County.  Hugo J. Loza, Judge.

Prentice Long, Margaret Long, and P.J. Van Ert, for Plaintiff and Appellant.

Jennifer M. Flores, County Counsel, John A. Rozum, Chief Deputy County Counsel, and Abel C. Martinez, Deputy County Counsel, for Plaintiff and Respondent.

John L. Dodd, under appointment by the Court of Appeal, for Defendant and Respondent.

-ooOoo-

In this juvenile dependency case, Lassen County Child and Family Services (Lassen CFS) appeals a transfer-out order issued by Tulare County Superior Court transferring the case to Lassen County Superior Court. Because we conclude the notice of appeal was untimely filed, and we are therefore without appellate jurisdiction, we dismiss the appeal.

## FACTUAL AND PROCEDURAL BACKGROUND

In July 2020, the Susanville Police Department in Lassen County responded to a residence where Jessica J. (mother) lived in one of the bedrooms with Isaac. Mother was behaving erratically and violently while under the influence of methamphetamine. The police transported mother to Banner Lassen Medical Center and placed her on a 72-hour psychiatric hold. Because mother was unable to make a plan for the care of her minor son, Isaac J., a protective hold was placed on Isaac, and Lassen CFS filed a juvenile dependency petition alleging he came within the juvenile court's jurisdiction under Welfare and Institutions Code[1] section 300, subdivisions (b) (failure to protect) and (g) (no provision for support). At the detention hearing, the Lassen County Superior Court ordered Isaac detained from mother. Isaac was placed with his maternal grandmother in Rocklin, Placer County, California.

On July 27, 2020, mother reported to the social worker her address was in Exeter, Tulare County, California, but she was currently temporarily residing in a residential substance abuse treatment facility called "Teen Challenge" in Bakersfield, Kern County, California. On August 5, 2020, Lassen CFS filed a motion for transfer out, noting the social worker had verified mother's Exeter address on July 21, 2020, and July 26, 2020.

---

[1] All further undesignated statutory references are to the Welfare and Institutions Code unless otherwise stated.

2.

The motion indicated that on July 21, 2020, the maternal grandmother told the social worker that mother "was going to be picked up by the maternal grandfather and brought back to his residence in Exeter, California." The motion further indicated that on July 26, 2020, mother provided the social worker with the maternal grandfather's address and stated she would like the case to be moved to Tulare County. The motion was served on mother via mail at Teen Challenge, Bakersfield. On July 28, 2020, mother's attorney executed a "change of mailing address form" indicting mother's mailing address was the maternal grandfather's address in Exeter. The jurisdiction report dated August 5, 2020, listed two addresses for mother: "Residence: [Exeter address]" and "Current: Teen Challenge Bakersfield." The jurisdiction report also noted mother had told the social worker she resided in Tulare County prior to entering the treatment program.[2]

At the jurisdictional hearing held on August 10, 2020, the Lassen County Superior Court found Isaac was described by section 300, subdivisions (b) and (g). Mother was not present because she was in a "blackout period in her treatment program." The court also found Isaac's residence was in Tulare County and granted Lassen CFS's motion to transfer jurisdiction to that county.

Upon receipt of the transfer documents, the Tulare County Child Welfare Services agency (Tulare agency) prepared an "Acceptance of Transfer Report," dated August 24, 2020, representing that a social worker had called the phone number provided for mother

---

[2] The record suggests mother did not reside in Tulare County immediately before entering treatment, as the Susanville Police Department report attached to the jurisdiction report listed mother and Isaac's address as the same as residence where the incident occurred (in Lassen County) and referenced a tenant's statement to mother's having a bedroom in that home. Further, mother had a lengthy criminal history, with arrests and convictions dating back to 1999 ranging in location from Santa Clara County, San Benito County, Santa Cruz County, Tulare County, and Nevada. Her Tulare County criminal history occurred between 2005 and 2010. She had arrests and convictions in Santa Clara County and San Benito County from 2011 through 2014. She had one filing in Tulare County in 2014, and her most recent criminal history was in Nevada between 2017 and 2019. Mother also had child welfare history in Nevada from 2015 and 2017, with the second case being closed in 2018.

and spoke with the maternal grandfather.  The maternal grandfather reported mother was currently at Teen Challenge in Bakersfield for residential drug treatment, and he was unaware of her discharge date.  The social worker met with mother at Teen Challenge, where mother advised the social worker the program was a year-long residential program and, after six months, she would be eligible to have Isaac placed with her.  Mother's start date of the program was August 3, 2020.  A counselor at the program confirmed the program was one year long.  Mother stated she intended to live with the maternal grandfather in Exeter once she completed the program.  In its report, the Tulare agency "recommended the case not be accepted for transfer to Tulare County as the mother currently resides in Kern County."

At the transfer in hearing held on August 25, 2020, the Tulare County Superior Court accepted the transfer-in order to "retain jurisdiction."  The court noted mother had not established residence in Tulare County, and there was no connection to Tulare County.  County Counsel informed the court Lassen County was "mother's last known residence."  It was noted by one of the parties present that Isaac was placed in Rocklin County, which was "up north."  The court noted "Lassen needs to keep [the case] until" mother moved to Tulare County and stated, "[W]e'll order the matter be transferred back to Lassen County at this time."  County counsel asked the court for a date for "the transfer out," and the court stated, "[W]e'll put a date to confirm for the 15th of September."  The minute order, signed by the judge who made the oral pronouncement and dated August 25, 2020, indicated the court ordered the matter back to Lassen County and that a "confirmation" was set on September 15, 2020.

On August 27, 2020, the Tulare County Superior Court executed a written transfer-out order using the Judicial Council form, *Juvenile Court Transfer Orders* (JV-550).  The record contains a certified mail receipt addressed to the Lassen County Superior Court postmarked August 28, 2020, and a document stating that on

September 3, 2020, Lassen County received certified case documents generated by the Tulare County Superior Court.

On September 15, 2020, the court called the case, the clerk stated the "transfer was granted," and the court responded that the matter would be taken off calendar. The minute order indicated the "[t]ransfer order is confirmed."

According to the notice of appeal, a dispositional hearing was held in Lassen County on October 5, 2020.

On October 28, 2020, Lassen CFS filed a notice of appeal in the Tulare County Superior Court stating the findings and orders it was appealing from were: "8/25/2020 – Transfer-In Hearing; Transfer Out" and "9/15/2020 – Confirmation of Transfer Out to Lassen County."

## **DISCUSSION**

Lassen CFS asserts the Tulare Superior Court made several errors with regard to its hearing and transfer-out order made on August 25, 2020, and "confirmed" on September 15, 2020. Respondent mother, joined by the Tulare agency, argues we must dismiss the appeal because Lassen CFS's notice of appeal was filed untimely as it was filed over 60 days after the Tulare County Superior court made the transfer order.[3] Lassen CFS disputes respondents' contention because the transfer order was made appealable when the court "confirmed" the order on September 15, 2020, rendering Lassen CFS's notice of appeal filed on October 28, 2020, timely. We agree with the respondents that we must dismiss the appeal because we do not have appellate jurisdiction, as we conclude the notice of appeal was untimely filed.

[3] Mother, joined by the Tulare agency, contends the time to file a notice of appeal started to run when the Tulare County Superior Court served the transfer order on Lassen County on August 28, 2020. Mother arrives at this conclusion by relying on California Rules of Court, rule 8.104(a)(1)(A), the rule applying to civil appeals. Rule 8.104(a)(1)(A) was the incorrect rule to apply; as we explain in this opinion, the rules applying to juvenile appeals apply. While we disagree with mother's analysis, we agree with her conclusion.

A timely notice of appeal vests jurisdiction in this court. (*Adoption of Alexander S.* (1988) 44 Cal.3d 857, 864.) Unless a timely notice of appeal is filed, we have no power to entertain an appeal. (*Van Beurden Ins. Services v. Customized Worldwide Weather Ins. Agency* (1997) 15 Cal.4th 51, 56.) " 'If a judgment or order is appealable, an aggrieved party must file a *timely* appeal or forever *lose* the opportunity to obtain appellate review.' [Citation.]" (*Norman I. Krug Real Estate Investments, Inc. v. Praszker* (1990) 220 Cal.App.3d 35, 46.) When a notice of appeal is untimely, we must dismiss the appeal. (*Hollister Convalescent Hospital, Inc. v. Rico* (1975) 15 Cal.3d 660, 666–667.)

A transfer-out order in a juvenile dependency case "may be appealed by the transferring or receiving county and notice of appeal must be filed in the transferring county, under [California Rules of Court,] rule 8.400."[4] (Rule 5.610(j).) Rule 8.400 is the introductory rule of the juvenile appeals chapter of the court rules, Chapter 5, which specifies the proceedings to which the rules in that chapter govern; thus, appellants appealing a transfer-out order must follow the provisions of rules 8.400 through 8.416 of Chapter 5 on juvenile appeals.

The time to appeal in juvenile appeals is governed by rule 8.406, which provides, "a notice of appeal must be filed within 60 days after the rendition of the judgment or the making of the order being appealed."[5] (Rule 8.406(a).) " '[T]he making of the order' " has been interpreted by appellate courts to mean an oral pronouncement of the order in open court; this "marks the beginning of the time to file a notice of appeal. [Citation.]" (*Adoption of Reed H.* (2016) 3 Cal.App.5th 76, 81–82 (*Reed H.*); *In re Markaus V.* (1989) 211 Cal.App.3d 1331, 1337.) An exception to this rule is " 'where a statute requires a certain form of order' "; then " 'the order is effective only when made in the statutory

---

[4] All further rule references are to the California Rules of Court.

[5] Except in cases where a referee or temporary judge made the order; however, there is no indication the court here was a referee or temporary judge.

form.' [Citation.]" (*Reed H.*, *supra*, 3 Cal.App.5th at p. 82.) Rule 5.610 requires a transfer order "be entered on *Juvenile Court Transfer-Out Orders* (form JV-550), which must include all required information and findings." (Rule 5.610(h).)[6] Thus, we conclude in the present case, the time to file a notice of appeal began when the order was entered on the JV-550.

Here, the order Lassen CFS challenges was pronounced orally by the court on August 25, 2020. The JV-550 form was filed on the same day, yet it was signed by the court on August 27, 2020.[7] Lassen CFS's notice of appeal was filed on October 28, 2020, 62 days after the court signed the JV-550. We conclude, it was, therefore, untimely, and we have no discretion to consider the merits of the appeal because we do not have jurisdiction.

We are unpersuaded by Lassen CFS's argument that the court's setting of the September 15, 2020 "confirmation" court date extended the time to appeal the transfer order to that date. Lassen CFS does not cite, nor can we find, any authority that supports this proposition. Rather, we find *Reed H.*, *supra*, 3 Cal.App.5th 76 instructive on this point.

In *Reed H.*, the juvenile court heard a petition to terminate parental rights pursuant to Family Code section 7662. (*Reed H.*, *supra*, 3 Cal.App.5th at pp. 78–79.) Following the presentation of evidence, the juvenile court took the matter under submission and set a briefing schedule, after the completion of which the juvenile court informed the parties it would issue a written ruling. (*Id*. at p. 79.) Upon reviewing the briefing, the juvenile court issued its written ruling, which included a direction to counsel to prepare an order and judgment for submission to the court upon review by opposing counsel as to the form

---

[6] Juvenile court rules " 'have the force of statute to the extent that they are not inconsistent with legislative enactments and constitutional provisions.' [Citation.]" (*In re William M.W.* (2019) 43 Cal.App.5th 573, 583, citing *In re Richard S.* (1991) 54 Cal.3d 857, 863.)

[7] As stated, the JV-550 was mailed to Lassen County on August 28, 2020.

7.

of the proposed order and judgment within 30 days.  (*Ibid*.)  The order and judgment prepared by counsel was filed almost a month after the court issued its written ruling.  (*Ibid*.)  The appealing party filed a notice of appeal 64 days after the court's issuance of its written ruling, but within 60 days of the filing of the order and judgment prepared by counsel.  (*Id*. at pp. 79–80.)  The appellate court concluded the rules of court pertaining to juvenile appeals applied to the proceedings (*id*. at pp. 80–81) and concluded the filing of the court's written ruling constituted the " 'rendition of the judgment or making of the order' " under rule 8.406(a) (*id*. at p. 82).  It was "immaterial" that the order directed a party to prepare an order and judgment as no such document was required by the applicable Family Code statute to be effective.  (*Ibid*.)  The notice of appeal was deemed untimely, and the appeal was dismissed.  (*Ibid*.)

Here, as we have explained, the court's entering the transfer order on the JV-550 form constituted the "making of the order" within the meaning of rule 8.406(a).  It was, thus, like the court's direction for order and judgment to be prepared and the subsequent filing of said order and judgment in *Reed H.*, "immaterial" that the Tulare County Superior Court in the present case set a future date for "confirmation" of the order.  The court had orally pronounced the order on August 25, 2020, entered it on a JV-550 form on August 27, 2020, and sent the JV-550 form to Lassen County on August 28, 2020; therefore the time to file the notice of appeal had already begun, like with the court's issuance of the written ruling in *Reed H*.  Like the *Reed H*. written ruling, the Tulare County Superior Court's transfer order became effective when it was entered on the JV-550 form, and the subsequent hearing on September 15, 2020, did not have any operative effect on the order.  Upon receipt and filing of a certified copy of the transfer order (the JV-550 form), Lassen County was required, pursuant to rule 5.612, to assume jurisdiction of the case.  The record indicates this happened on or near September 3, 2020.  There is nothing in the record nor in the applicable law, to indicate Lassen County was awaiting notice of a "confirmation" subsequent to receiving the certified copy of the order; such an

8.

act would have been contrary to rule 5.612.  Moreover, the Tulare County Superior Court took no judicial action on September 15, 2020; it was the *clerk* who stated the "transfer was granted," indicating the order had already been made by the court, an indication supported by the court's transmission of the JV-550 form to Lassen County.

Lassen CFS suggests its notice of appeal was timely despite no judicial action taking place on September 15, 2020, because an issue it alleges on appeal is that no transfer-out hearing took place as required by provisions of the Rules of Court.  We are unpersuaded by this argument because there was nothing precluding Lassen CFS from making this argument in a timely appeal, and we do not find it is an appropriate reason to find the time to appeal, clearly set forth in the Rules of Court as we have explained, was extended.  As we have stated, we are without discretion to consider an appeal over which we have no jurisdiction.  Again, Lassen CFS does not cite authority to support its proposition.  Nor does it reference the applicable rules of court or case law interpreting those rules or make any argument as to why those rules and case law should not be followed.

For the foregoing reasons, we conclude Lassen CFS's notice of appeal was untimely filed, the juvenile court's order has thus become final, and we are without appellate jurisdiction.

## DISPOSITION

The appeal is dismissed.

POOCHIGIAN, Acting P.J.

WE CONCUR:


MEEHAN, J.


DE SANTOS, J.

10.